933 F.2d 1002
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paula Sue DARNELL, Defendant-Appellant.
 No. 90-5788.
 United States Court of Appeals, Fourth Circuit.
 Argued April 12, 1991.
Decided May 22, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, Chief District Judge. (CR-89-199)
 Timothy Francis Cogan, O'Brien, Cassidy & Gallagher, L.C., Wheeling, W.Va., for appellant.
 John Kirk Brandfass, Assistant United States Attorney, Charleston, W.Va. (Argued), for appellee; Michael W. Carey, United States Attorney, Charleston, W.Va., on brief.
 S.D.W.Va.
 AFFIRMED.
 Before K.K. HALL and PHILLIPS, Circuit Judges, and RICHARD L. WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Defendant Paula Sue Darnell ("Darnell") appeals her conviction for possession of cocaine with intent to distribute. Specifically, she argues that: insufficient evidence supports the conviction, the trial judge erroneously instructed the jury, "similar acts" evidence was improperly introduced, the trial judge erroneously denied a continuance, and her trial counsel was constitutionally defective. Finally, Darnell contends that she was entitled to a downward sentencing adjustment based upon her role in the offense. Because we find these arguments without merit, we affirm the conviction and sentence.
 
 I.
 
 2
 The evidence presented at trial showed that confidential informant George Carter ("Carter") purchased crack cocaine from Frank Daniels ("Daniels") on September 18, 1989. After agreeing to make the sale, Daniels told Carter that someone else had the cocaine. Both men walked to Defendant Darnell's apartment. Daniels went up to the apartment, spoke with Darnell, and retrieved the cocaine while in her presence.
 
 
 3
 Daniels and Darnell both left the apartment, met Carter, and drove away in Darnell's car. While Darnell drove, Daniels and Carter discussed the amount of cocaine and the purchase price. Daniels then handed the cocaine to Carter and received $300 in "buy" money. After the transaction, Darnell stopped the car. Daniels and Carter got out, talked some more, and then Daniels returned to the car. Daniels and Darnell were arrested and charged with possession of cocaine with intent to distribute.
 
 
 4
 Pursuant to a plea agreement, Daniels pled guilty and testified against Darnell at trial. His plea agreement was admitted into evidence. Daniels testified that he had brought the cocaine to Darnell's apartment for storage on or about September 11, 1989. On that occasion, he gave her the drugs and watched as she hid them behind a heater. When he retrieved the cocaine on September 18, 1989, Daniels told Darnell that someone wanted to buy an eighth of an ounce of cocaine. He further testified that Darnell was sitting no more than a foot away while he and Carter discussed the drug transaction in normal conversational voices.
 
 
 5
 Darnell took the stand and stated that she never saw any cocaine, nor allowed any to be stored in her apartment. She admitted that she was driving with Carter and Daniels on September 18, 1989, but claimed she could not hear the content of their discussion. She conceded that she could hear the content of their discussion when the tape recording of the conversation was played in open court.
 
 
 6
 The jury convicted Darnell on both counts, and her motion for a new trial was denied. She raises several issues on appeal.
 
 II.
 INSUFFICIENT EVIDENCE
 
 7
 Darnell contends that although there may have been sufficient evidence to sustain a conviction for possession, there was no evidence of intent to distribute. However, the testimony of Daniels and the recorded conversation between Carter and Daniels support the jury's conclusion that Darnell was fully aware that the cocaine was being sold. We find the jury's inference of intent to distribute reasonable and supported by the evidence. The testimony of Daniels, if believed, was sufficient to convince a reasonable trier of fact that Darnell was guilty beyond a reasonable doubt of possession with intent to distribute.
 
 NO OVERT ACT INSTRUCTION
 
 8
 The Defendant contends that an overt act is an essential element of 21 U.S.C. Sec. 846, and that the trial court erred by failing to so instruct the jury.[1] Those courts considering the issue, including this Circuit, have uniformly held that no proof of an overt act is required for conviction under this section. United States v. Clark, 928 F.2d 639 (4th Cir.1991); United States v. Savaiano, 843 F.2d 1280, 1293-94 (10th Cir.1988); United States v. Christian, 786 F.2d 203, 211 (6th Cir.1986); United States v. Brock, 782 F.2d 1442 (7th Cir.1986); United States v. Jonas, 639 F.2d 200 (5th Cir.1981); United States v. Bermudez, 526 F.2d 89 (2d Cir.1975), cert. denied, 425 U.S. 970 (1976).
 
 
 9
 We find the reasoning of these cases persuasive, and therefore hold that no overt act is required for conviction under 21 U.S.C. Sec. 846. The district court's instruction, which did not include an overt act requirement, was entirely proper.
 
 PLEA BARGAIN INSTRUCTION
 
 10
 The district judge instructed the jury that plea bargaining is lawful and promotes judicial efficiency. Darnell claims that this instruction improperly placed an imprimatur of approval on plea bargaining. In support of her contention, Darnell cites Judge Widener's concurrence in United States v. Howard, 590 F.2d 564, 571 (4th Cir.), cert. denied, 440 U.S. 976 (1979). However, we find Howard inapposite, since it was specifically limited to invoking the name of the U.S. Supreme Court in support of plea agreements.
 
 
 11
 Here, the district court did nothing more than relate the uncontested fact that Congress has authorized plea bargains by statute, and that plea bargains are approved by the courts. Judge Haden's effort to instruct the jury that there is nothing improper about plea bargaining was quite appropriate.
 
 
 12
 "SIMILAR ACTS" EVIDENCE
 
 
 13
 The district court allowed Daniels to testify about additional cocaine he retrieved from Darnell's apartment. Daniels stated that he picked up a second "eight-ball" at the same time that he retrieved the eight-ball that he sold to Carter.
 
 
 14
 The court overruled Darnell's objection that this was impermissible, undisclosed 404(b) material. We agree with the district court that this conduct was not a "similar act," but rather was a part of the crime charged in the indictment. This amount, if accepted would increase the amount of cocaine possessed by Darnell during the period of the indictment. It was not a "prior bad act" covered by Rule 404(b).
 
 DENIAL OF A CONTINUANCE
 
 15
 This case was originally set for a joint trial of Daniels and Darnell on January 3, 1990. On December 28, 1989, the government moved to sever the trial of Darnell from that of Daniels. On January 3, 1990 counsel for Darnell stated his opposition, and requested an immediate trial. The judge granted the government's motion to sever, and set Daniels' case for trial on January 3rd and Darnell's for trial on January 18th. Later that day, Daniels decided to plead guilty. The Judge, after noting that jury expenses had already been incurred, decided to commence the Darnell trial on January 3, 1990, as originally scheduled.
 
 
 16
 Counsel for Darnell objected and asked that trial be continued until January 18th. He stated that he needed time to prepare his cross-examination of Daniels. The Court denied this motion, noting that Darnell's counsel had a copy of Daniels' prior statements, and could review the plea agreement. Counsel for Darnell then stated that "just so long as I have at least one evening of preparation ... I believe I can manage." The Court replied "okay" and agreed that the case in chief would not commence until the next day, January 4.
 
 
 17
 Counsel initially stated that he was ready to go to trial on January 3. The one day delay provided sufficient time to prepare for a single additional witness. Even counsel admitted that one evening would be adequate time to prepare. The court gave counsel the time he requested. Under these circumstances, the district judge acted within his discretion to deny a further continuance.
 
 INEFFECTIVE ASSISTANCE OF COUNSEL
 
 18
 Darnell lists a number of things that counsel should have done differently at trial. Darnell suggests that counsel should have conducted additional voir dire, made more evidentiary objections, and asked more penetrating questions on cross-examination.
 
 
 19
 These items are matters of trial tactics. Darnell cites no failings of counsel which approach the level of incompetence required under Strickland v. Washington, 466 U.S. 668 (1984). Counsel's conduct was professional and reasonable. Darnell has not stated a claim of ineffective assistance of counsel.
 
 DOWNWARD ADJUSTMENT FOR MITIGATING ROLE
 
 20
 Darnell claims that she was a minimal participant in the cocaine sale, since she did not profit or directly deal in the drugs. However, the district court found that Darnell stored the cocaine in her apartment and assisted in its distribution. Where only two individuals are involved in a joint crime, reductions based upon a mitigating role will seldom be appropriate. In this case, the facts clearly support the district court's finding that Darnell's storage of the drugs was an important aspect of the crime and that she is entitled to no reduction as a minor or minimal participant.
 
 III.
 
 21
 For the foregoing reasons, the conviction and sentence are
 
 
 22
 AFFIRMED.
 
 
 
 [1]
 Because Darnell failed to raise timely objections to the jury instructions, we review the instructions under the "plain error" standard of Rule 52(b) of the Rules of Criminal Procedure. However, because we find that the district court's instructions were clearly correct, we would affirm even if the instructions were reviewed de novo