998 F.2d 1010
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Beraldo FONSECA, Defendant-Appellant.
 No. 92-5711.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 19, 1993.
Decided: July 7, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-92-147-A)
 Denise J. Tassi, Alexandria, Virginia, for Appellant.
 Richard Cullen, United States Attorney, James L. Trump, Assistant United States Attorney, Justin W. Williams, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Beraldo Fonseca was convicted by a jury of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (1988). On appeal, Fonseca contends that there was insufficient evidence to support the conspiracy conviction. He also maintains that a three-level increase in his offense level based on his role in the offense was not warranted.* Finding neither of these contentions to have merit, we affirm.
 
 I.
 
 2
 A jury's guilty verdict will be sustained "if there is substantial evidence, viewing the evidence in the light most favorable to the government, to support the finding of guilt." United States v. Rusher, 966 F.2d 868, 878 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S. 1992). The test is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 3
 To establish a conspiracy under § 846, the government must prove: "(1) an agreement between two or more persons to undertake conduct that would violate the laws of the United States relating to controlled substances and (2) the defendant's wilful joinder in that agreement." United States v. Clark, 928 F.2d 639, 641-42 (4th Cir. 1991). In this case, there was ample evidence at trial to support the jury's verdict.
 
 
 4
 Testimony established that Edgar de Medeiros, a Brazilian, headed a cocaine importing operation. His ex-wife, Ana, testified that she smuggled cocaine concealed in aerosol cans into New York. She began by smuggling small quantities of cocaine, but in 1991, she made three trips to the United States, smuggling ten kilograms of cocaine each time. In accordance with Edgar's instructions, Ana contacted Fonseca, who assisted with the sale and distribution of the cocaine.
 
 
 5
 Claudio Cavalcanti testified that in 1990, he carried one-half kilogram of cocaine from Brazil to New York. He then gave the cocaine to Fonseca. Cavalcanti also recounted a September 1991 transaction involving ten kilograms of cocaine. Fonseca acquired the cocaine in Brazil and made arrangements to smuggle the cocaine into the United States on a ship. Cavalcanti and Fonseca then flew from Brazil to New York to await the ship's arrival. On September 18, the men went to the pier and recovered the cocaine, which was then sold. A similar smuggling operation occurred between December 1991, when Fonseca was responsible for getting fifteen kilograms of cocaine aboard a ship, and March 1992, when Fonseca met the ship at a dock and retrieved the cocaine, which was to be distributed.
 
 
 6
 Milton de Oliveira, who lived in Arlington, Virginia, testified that Fonseca gave him one kilogram of cocaine, which de Oliveira then sold to several customers. Additionally, in February 1992, de Oliveira obtained two ounces of cocaine from Fonseca and Cavalcanti.
 
 
 7
 The case agent who in March 1992 executed a search warrant at a New York apartment belonging to a coconspirator testified that agents found a suitcase containing cocaine and over $50,000. Fonseca acknowledged that the suitcase and its contents were his.
 
 
 8
 Viewed in the light most favorable to the government, the evidence was sufficient to establish that Fonseca wilfully joined in an agreement with numerous others to distribute cocaine. Fonseca's contention to the contrary is patently without merit.
 
 II.
 
 9
 The district court accepted the recommendation in the presentence report that Fonseca played a managerial or supervisory role in criminal activity involving five or more people. This warranted a three-level increase in Fonseca's offense level. United States Sentencing Commission, Guidelines Manual, § 3B1.1(b) (Nov. 1991). Fonseca contends on appeal that the district court's determination was clearly erroneous. We reject this contention.
 
 
 10
 In United States v. Chambers, 985 F.2d 1263 (4th Cir. 1993), we recently considered whether one defendant was a manager or supervisor under § 3B1.1(b). To resolve this issue, we turned to the following commentary to that guideline:
 
 
 11
 In distinguishing a leadership and organizational role from one of mere management or supervision, titles such as "kingpin" or "boss" are not controlling. Factors the court should consider include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.
 
 
 12
 U.S.S.G. § 3B1.1, comment. (n.3) (cited in Chambers, 985 F.2d at 1268).
 
 
 13
 Testimony revealed that it was Edgar de Medeiros and perhaps others in Brazil who were the organizers or leaders of the conspiracy. However, Fonseca was the organization's point man in New York; he was largely responsible for the actual distribution of the cocaine in this country. It was Fonseca whom Ana de Medeiros contacted when she arrived in New York with cocaine. It was Fonseca who arranged for ships to smuggle twenty-five kilograms of cocaine into the United States. Fonseca then received those shipments at the docks.
 
 
 14
 Applying Chambers and the relevant commentary to this evidence, we note particularly Fonseca's responsibility for overseeing the smuggling of cocaine into this country on ships and for managing the distribution of cocaine once it arrived in New York. We conclude that Fonseca had a managerial role in the conspiracy. The district court's finding on this point was not clearly erroneous, and the three-level enhancement will not be disturbed. See United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990).
 
 III.
 
 15
 We accordingly affirm the conviction and sentence. As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 AFFIRMED
 
 
 *
 Fonseca has moved to file a pro se supplemental brief. While we grant the motion to supplement, we find that the issues raised in that brief are without merit