25 F.3d 1042
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Demps KING, Defendant-Appellant.
 No. 93-5711.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 3, 1994.
Decided: May 24, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. W. Earl Britt, District Judge. (CR-92-56)
 Gale M. Adams, Assistant Federal Public Defender, Fayetteville, North Carolina, for Appellant.
 J. Douglas McCullough, United States Attorney, William A. Webb, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Anthony Demps King appeals his conviction and sentence on drug and firearm charges, arguing that the government failed to prove chain of custody for the drug evidence and the court erred in imposing sentence based upon 1.2 grams of cocaine base, rather than .5 grams found in King's possession. We affirm.
 
 
 2
 While attempting to make an undercover purchase of cocaine, Officer Timothy Evans was approached by several men attempting to sell cocaine base. Evans refused, stating that he had arranged to purchase powder cocaine from Chico Davis. The men conferred with Davis and informed Evans that they did not have powder cocaine. King then drew a loaded .38 caliber revolver, held it close to Evans' face, and robbed him. When the officers returned later that day, King was arrested while attempting to flush .5 grams of cocaine base down the commode. Officers discovered an additional .7 grams of cocaine base on the floor in the bedroom.
 
 
 3
 In his report, Officer Parker twice described finding a rock-like substance and a plastic bag containing white rock-like substances. King contends that these descriptions refer to two discoveries. The district court found that Parker's statement could be viewed as referring to one discovery. This finding was not clearly erroneous, and admission of the evidence was not an abuse of discretion. United States v. Howard-Arias, 679 F.2d 363, 366 (4th Cir.), cert. denied, 459 U.S. 874 (1982).
 
 
 4
 King notes that the officers failed to list on the search warrant inventory sheet the crack cocaine found in his possession and that only one of the three evidence bags indicated where the substance was found. In light of other evidence identifying where the substance was located, we find no defect in the chain of custody. See United
 
 
 5
 States v. Jackson, 649 F.2d 967, 973-74 (3d Cir.), cert. denied, 454 U.S. 1034 (1981).
 
 
 6
 King contends that the government failed to account for the evidence from the time of the seizure until its placement in the evidence locker. In light of the authenticating proof and absent evidence of alteration or tampering, admission of the evidence was not an abuse of discretion. United States v. Clark, 928 F.2d 639 (4th Cir.1991); Howard-Arias, 679 F.2d at 366; United States v. Corbitt, 675 F.2d 626 (4th Cir.1982).
 
 
 7
 The district court, by adopting the presentence report, found that King acted in concert with the other men selling crack cocaine. This finding was not clearly erroneous. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989); see United States v. Banks, 10 F.3d 1044, 1054 (4th Cir.1993), pet. for cert. filed, (Feb. 22, 1994). Because the .7 grams of cocaine base found in the bedroom was reasonably foreseeable, the district court properly attributed this amount to King. See United States Sentencing Commission, Guidelines Manual, Sec. 1B1.3(a) (Nov.1992).
 
 
 8
 For the foregoing reasons, we affirm King's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED