928 F.2d 639
 59 USLW 2647
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Thomas CLARK, a/k/a J.T., a/k/a Steady, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Pablo MARTINEZ, a/k/a Paul Martinez, a/k/a Juan Paul
Martinez, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Winslow CLARK, Defendant-Appellant.
 Nos. 90-5771 to 90-5773.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 7, 1990.
Decided March 20, 1991.
 
 Bradley E. Berrane, Grafton, Va., for defendant-appellant Jerry Clark.
 Oscar H. Blayton, Hampton, Va., for defendant-appellant James Clark.
 James S. Ellenson, Newport News, Va., for defendant-appellant Martinez.
 Robert B. Wilson, V, Sp. Asst. U.S. Atty., Norfolk, Va., argued (Henry E. Hudson, U.S. Atty., Robert E. Bradenham, II, Robert J. Seidel, Jr., Asst. U.S. Attys., Norfolk, Va., on the brief), for plaintiff-appellee.
 Before RUSSELL and PHILLIPS, Circuit Judges, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.
 TILLEY, District Judge:
 After being found in constructive possession of a suitcase containing cocaine and heroin in the Norfolk (Virginia) International Airport on October 17, 1988, Jerry W. Clark was arrested, tried and convicted in the United States District Court for the Eastern District of Virginia on one count of possession of cocaine with the intent to distribute and one count of possession of heroin with the intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). The convictions were affirmed by this court. United States v. Clark, 891 F.2d 501 (4th Cir.1989).
 On August 1, 1989, seven months after being convicted for possession of cocaine and heroin with the intent to distribute, Clark was indicted for conspiring with others--including appellants James Thomas Clark and Juan Pablo Martinez--to distribute cocaine and heroin and to possess cocaine and heroin for the purpose of distributing, in violation of 21 U.S.C. Sec. 846. Clark's possession of drugs at the airport, the same conduct for which he had been convicted earlier, was alleged as overt act number 18 in the conspiracy indictment and evidence about the airport incident was introduced at trial.
 Prior to the conspiracy trial, Clark moved to dismiss claiming that the prosecution was based in part upon the same conduct as the earlier charge and, therefore, was barred by the Double Jeopardy Clause. Clark also moved to suppress evidence about the suitcase and its contents, contending as he had in the first trial and on appeal before this court that they had been improperly seized. Both motions were denied by the district court and Clark contends the denials were error. Clark also contends that the government's evidence was insufficient to show an adequate chain of custody regarding a drug exhibit and that the chemist should not have been allowed to identify the questioned substance as being cocaine. Further, Clark asserts that the district judge held him accountable under the sentencing guidelines for more drugs than he reasonably could have foreseen would be the object of the conspiracy.
 Co-defendant James Clark contends that the trial judge should have granted his pretrial motion to sever trial of two tax counts from the indictment. Co-defendant Martinez contends he was denied the opportunity to examine a witness at his sentencing hearing. Both James Clark and Martinez claim their motions for separate trials should have been granted.
 Finding no merit in any of these claims, we affirm the convictions.
 I.
 After this case was tried, the United States Supreme Court decided Grady v. Corbin, --- U.S. ----, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), in which it held that "[T]he Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." 110 S.Ct. at 2093. In the present case, the same conduct which constituted the substantive possession of heroin and cocaine with intent to distribute offenses for which Clark was convicted in 1988, was alleged and proved as an overt act in the 1990 conspiracy prosecution.
 The question we must decide is whether evidence of the airport drug possession--"conduct that constitutes an offense for which the defendant has already been prosecuted"--"establish[ed] an essential element" of the conspiracy charge.
 This circuit has not directly addressed the issue whether an overt act is an essential element of a conspiracy charge under 21 U.S.C. Sec. 846. Other than the Ninth Circuit, however, every circuit considering the question has held that, unlike the general conspiracy statute, 18 U.S.C. Sec. 371, it is unnecessary to allege or prove an overt act in a Sec. 846 prosecution. See United States v. De Jesus, 520 F.2d 298 (1st Cir.), cert. denied, 423 U.S. 865, 96 S.Ct. 126, 46 L.Ed.2d 94 (1975); United States v. Bermudez, 526 F.2d 89, 94 (2d Cir.1975), cert. denied, 425 U.S. 970, 96 S.Ct. 2166, 48 L.Ed.2d 793 (1976); United States v. Bey, 736 F.2d 891, 893-95 (3d Cir.1984); United States v. Mann, 615 F.2d 668, 671 (5th Cir.1980), cert. denied, 450 U.S. 994, 101 S.Ct. 1694, 68 L.Ed.2d 193 (1981); United States v. Dempsey, 733 F.2d 392, 396 (6th Cir.), cert. denied, 469 U.S. 983, 105 S.Ct. 389, 83 L.Ed.2d 323 (1984); United States v. Umentum, 547 F.2d 987, 990 (7th Cir.1976), cert. denied, 430 U.S. 983, 97 S.Ct. 1677, 52 L.Ed.2d 376 (1977); United States v. Francis, 916 F.2d 464, 466 (8th Cir.1990); United States v. Savaiano, 843 F.2d 1280, 1294 (10th Cir. 1988); United States v. Yonn, 702 F.2d 1341, 1348 n. 6 (11th Cir.), cert. denied, 464 U.S. 917, 104 S.Ct. 283, 78 L.Ed.2d 261 (1983); United States v. Pumphrey, 831 F.2d 307, 308 (D.C.Cir.1987); but see United States v. Melchor-Lopez, 627 F.2d 886 (9th Cir.1980).
 Neither the statute nor its legislative history suggests that an overt act is an element of a Sec. 846 conspiracy. Nor is there a constitutional requirement that an overt act be proved in conspiracy prosecutions when not required by statute. United States v. Bey, supra, at 894-95. We, therefore, adopt the view of the great majority of circuits and hold that it is unnecessary either to allege or prove an overt act in a conspiracy charged under 21 U.S.C. Sec. 846.
 The essential elements of a Sec. 846 conspiracy are (1) an agreement between two or more persons to undertake conduct that would violate the laws of the United States relating to controlled substances and (2) the defendant's wilful joinder in that agreement. Standing alone, evidence of Clark's October 17th possession of cocaine and heroin shows neither an agreement nor a joinder with others. Viewed in context with other evidence, however, it allowed the jury to infer his participation in a drug conspiracy. The question, then, is whether Grady prohibits a successive prosecution when evidence of previously prosecuted conduct merely tends to prove an essential element of the second charge, or whether Grady prohibits a successive prosecution only when the evidence of previously prosecuted conduct proves the "entirety" of an essential element.
 On this issue, we agree with Judge Newman's analysis in his concurring opinion in United States v. Calderone, 917 F.2d 717 (2d Cir.1990):
 I think we are obliged to apply Grady in a way that gives the "element" component significance. That means barring the second prosecution only when the conduct previously prosecuted is to be used to "establish" the element of the second crime, which I think must mean "constitute the entirety of" the element. If Grady is read more broadly, that is, if the second prosecution is barred whenever the previously prosecuted conduct is to be used only as evidence of an element of the second offense, then we would almost be applying a "same evidence" test. Instead, I think it more likely that the Supreme Court expected Grady to apply only when the conduct prosecuted at the first trial is or may constitute the entirety of an element of the offense at the second trial.
 917 F.2d at 724 (emphasis in the original).
 As Judge Newman went on to observe, the Supreme Court earlier in the same term had decided Dowling v. United States, 493 U.S. 342, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990), a case the Grady majority did not claim to overrule. In Dowling, a defendant who had been tried and acquitted of breaking into an apartment and robbing a woman was charged with bank robbery. Pursuant to Rule 404(b) (identity), Federal Rules of Evidence, the woman who had been robbed was allowed to testify about her encounter with Dowling, the same conduct for which Dowling had been previously prosecuted. She described his small handgun and his mask, then related how the mask had come off during their struggle. The testimony, standing alone, did not prove any of the essential elements of bank robbery, but when viewed in the light of other evidence, tended to identify Dowling as the masked person who, earlier, had used a small handgun to rob a bank. The Court found no double jeopardy violation in Dowling.
 Judge Newman's reading of the Grady prohibition accords Grady a workable co-existence with Dowling and with Rule 404(b) which, without that reading, would be of the doubtful vitality that Justice O'Connor feared in her Grady dissent.[1]
 
 
 1
 We hold, therefore, that evidence of Clark's airport possession of cocaine and heroin did not "establish an essential element" of the Sec. 846 conspiracy charge.
 
 II.
 
 2
 Jerry Clark complains that he should not have been held accountable at sentencing for those drugs possessed or distributed by his brother, James, because "there is no evidence to show that the distribution of all the drugs was within the scope of the defendant's agreement."
 
 
 3
 The evidence showed that Jerry Clark made trips to New York to pay for drugs previously acquired by James and to purchase and transport drugs for James. It also showed that Jerry and James Clark worked together in the same business location and that when co-conspirator Calvin McLaurin delivered money or drugs to that location he would leave the packages with Jerry Clark when James was absent. Based upon that evidence the district court found it to be "reasonably foreseeable by Jerry Clark that his brother would have been dealing in the amounts of drugs that have been established here." Jt.Appx. 1251. In United States v. Vinson, 886 F.2d 740 (4th Cir.1989), this court held:
 
 
 4
 For the purposes of this appeal, our review of the sentence is limited to a determination of whether the Guidelines sentence was imposed either "in violation of law ... [or] as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. Sec. 3742(e). This Court is required to accept the sentencing court's findings of fact unless they are clearly erroneous. Id.
 
 
 5
 According to the Commentary to Guidelines Sec. 2D1.4, a defendant convicted of conspiracy should be sentenced "only on the basis of [his] conduct or the conduct of coconspirators in furtherance of the conspiracy that was known to the defendant or was reasonably foreseeable." Since the base offense level in drug cases, both conspiracy and otherwise, is directly determined by the type and amount of drugs involved, the determination of the foreseeability of the extent of the overall conspiracy is often critical. This is clearly a question of fact which will only be overturned on appeal if it is clearly erroneous.
 
 
 6
 886 F.2d at 742.
 
 
 7
 The defendant offers nothing to indicate that the district court's finding was clearly erroneous.
 
 III.
 
 8
 Jerry Clark agrees that the government's chain of custody evidence was sufficient to track possession of the questioned bag of cocaine from the time it was seized until it was analyzed in the laboratory. He objects to the bag having been admitted as a trial exhibit and to the chemist having been allowed to testify about his identification of the cocaine because evidence did not adequately track the package from the time it left the laboratory until it was offered as a trial exhibit.
 
 
 9
 The operative testimony, however, concerned the chemist's analysis in the laboratory. There is no question that the substance he analyzed was that seized from Clark, nor is there a question about the propriety of his analysis. No motion was made by the defendant to have an independent analysis performed. Even if the district court erred in admitting the exhibit, the error was harmless. See Rule 52(a), Federal Rules of Criminal Procedure.
 
 IV.
 
 10
 For the second time in this court, Jerry Clark questions the search and seizure of the suitcase of drugs at the airport. This is precisely the same issue he raised in the possession with intent to distribute case. See United States v. Clark, 891 F.2d 501 (4th Cir.1989). It is unclear whether one of the issue preclusion doctrines might apply on the appellate level when an issue, previously decided, is raised again before the same court, is between the same parties, and is based upon the same occurrence but arises in a different case with different essential elements. Nevertheless, we are persuaded that the same result should obtain and that the district court properly denied the motion to suppress.
 
 V.
 
 11
 Pablo Martinez contends that during sentencing his counsel was not allowed to call and examine Calvin McLaurin about quantities of drugs. Martinez did not, however, issue a subpoena or request the government to have McLaurin at the hearing and only asked to be allowed to examine McLaurin during the sentencing hearing itself. He did not suggest to the district court that McLaurin might change his trial testimony about drug quantities, nor did he relate what efforts, if any, he had made to ascertain what McLaurin's testimony might be. Counsel for the government stated during oral argument before this court that at the time of the hearing McLaurin had already been transported to his designated federal prison facility and would have been unobtainable for a significant period of time.
 
 
 12
 Martinez's request was not timely made and lacked the particularity required to compel the granting of a continuance at that stage of the sentencing proceeding. The district judge did not abuse his discretion in denying it. See generally United States v. Jackson, 757 F.2d 1486, 1492 (4th Cir.1985).
 
 VI.
 
 13
 Martinez and James Clark assert that the trial court committed error when it denied their motions for separate trials. Ordinarily, however, persons indicted together should be tried together:
 
 
 14
 [T]o be entitled to a severance, a defendant must show more than "merely that a separate trial would offer him a better chance of acquittal." [United States v.] Parodi, 703 F.2d at 768, 780 (4th Cir.1983) (Citations omitted.) Moreover, the decision to deny severance, which is within the sound discretion of the district judge, will not be overturned unless the defendant affirmatively demonstrates a clear abuse of discretion through having been deprived of a fair trial and having suffered a miscarriage of justice. (Citations omitted.) To make such showing where severance has been sought "on the ground of conflicting defenses[,] it must be demonstrated that the conflict is so prejudicial that the differences are irreconcilable, 'and that the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty.' " [United States v.] Becker, 585 F.2d 703, 707 (4th Cir.1978) (quoting [United States v.] Ehrlichman, 546 F.2d 910, 929 (D.C.Cir.1976) and United States v. Robinson, 432 F.2d 1348, 1351 (D.C.Cir.1970)).
 
 
 15
 United States v. Spitler, 800 F.2d 1267, 1271-72 (4th Cir.1986).
 
 
 16
 The defendants offer no showing of actual prejudice from being joined for trial but state simply that there was "little ability among the defense counsel to work together" and that "[m]ultiple trials, having the inherent tendency of unfairness, should be used only sparingly by the Courts...." This is insufficient to demonstrate an abuse of discretion.
 
 VII.
 
 17
 Defendant James Clark contends that district court committed error by not severing two tax charges from trial of the fourteen drug-related counts.[2]
 
 
 18
 Rule 8(a), Fed.R.Crim.P., provides that "[t]wo or more offenses may be charged in the same indictment ... in a separate count for each offense if the offenses charged ... are based on the same ... acts or transactions connected together...." Joinder of the offenses charged in this indictment was proper under Rule 8(a). The tax counts charge James Clark with wilfully signing income tax returns for the calendar years 1987 and 1988, knowing that the returns omitted the reporting of income which he had received from drug transactions. The drug transactions charged in Counts Three through Fourteen were alleged to have occurred in 1987 and 1988. Even if the motion for a severance had been granted, evidence about the drug transactions would have been admissible in the tax case to prove income and show its probable source.
 
 
 19
 Rule 14 provides for severance when a joinder of offenses is prejudicial either to the defendant or to the government. James Clark has shown no prejudice resulting from this joinder of offenses. Attempting to show prejudice, he suggests that he might have taken the stand to testify in a separate tax trial, but elected not to testify in this case because the charges were joined. He does not, however, offer the substance of that possible testimony nor explain why, had he elected to testify, he would have been subjected to additional prejudice than he would have encountered in a separate tax trial. He does not, for example, show how his probability of an acquittal on the tax charges would have been enhanced by the opportunity to take the stand and admit having received income from drug transactions.
 
 
 20
 "[A] particularized showing must be made concerning the testimony the defendant wishes to give and his reasons for remaining silent on the joined counts, so that the court can make an independent evaluation of whether the defendant will be prejudiced to an extent that outweighs the interests favoring joinder." United States v. Jamar, 561 F.2d 1103, 1108 n. 9 (4th Cir.1977). Without that particularized showing, the district court was unable to determine whether prejudice to the defendant would probably outweigh the interests favoring joinder and, consequently, made no error in denying the motion to sever.
 
 VIII.
 
 21
 We have carefully examined the record pertaining to other issues raised and find they merit no discussion. The judgment of the district court is
 
 
 22
 AFFIRMED.
 
 
 
 [1]
 "[T]he wide sweep of the Court's decision today casts doubt on the continued vitality of Rule 404(b), which makes evidence of 'other crimes' admissible for proving 'motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.' " 110 S.Ct. at 2096
 
 
 [2]
 Count One charged conspiracy to distribute cocaine and heroin and to possess cocaine and heroin with the intent to distribute, Count Two charged a continuing criminal enterprise based, in part, upon transactions alleged in Counts Three through Fourteen which variously charged the distribution of cocaine (Count Three), possession with the intent to distribute cocaine (Counts 4-10 and 12-14), and possession with the intent to distribute heroin (Count 11)