993 F.2d 1540
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Bernard DIXON, Defendant-Appellant.
 No. 92-5757.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 12, 1993
Decided: May 27, 1993
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., District Judge. (CR-92-138-6-2)
 D. Garrison Hill, Hill, Wyatt & Bannister, Greenville, South Carolina, for Appellant.
 John S. Simmons, United States Attorney, William C. Lucius, Assistant United States Attorney, Greenville, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before NIEMEYER, HAMILTON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Thomas Bernard Dixon appeals his conviction on a crack cocaine charge, alleging that the district court erred by denying his motion to sever. We find no error and affirm.
 
 
 2
 Dixon and Horace A. Thompson were indicted in a three count indictment by a grand jury in the District of South Carolina on March 25, 1992. Count One alleged that on December 2, 1991, Dixon and Thompson distributed crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1988) and 18 U.S.C. § 2 (1988). Count Two alleged that on January 10, 1992, Thompson distributed crack cocaine in violation of 21 U.S.C. § 841(a)(1). Count Three alleged that on December 2, 1991, Thompson used and carried a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C.A.s 924(c) (West Supp. 1993).
 
 
 3
 Prior to trial, Dixon moved for dismissal of the indictment or, in the alternative, for severance. Following a hearing on the motion, the district court denied the motion. Both Dixon and Thompson were tried before a jury on May 20, 1991. The jury convicted both on Count One. Thompson was found guilty on Count Two and not guilty on Count Three. Dixon was sentenced to forty-eight months imprisonment on October 19, 1992, pursuant to the sentencing guidelines. Dixon timely appealed, alleging that he was improperly joined in the indictment with Thompson and that the district court erred in denying his motion to sever.
 
 
 4
 The facts of the case are not in dispute. At trial, the Government's primary witness was a police officer, Eric Cureton, who had posed as a drug dealer seeking to purchase crack cocaine in an undercover operation. In the course of the operation, Cureton met Dixon at a public gymnasium. Cureton requested that Dixon introduce him to someone who could sell crack cocaine.
 
 
 5
 Dixon arranged a meeting for December 2, 1991, between Thompson and Cureton. Dixon was present at the meeting, which was secretly tape recorded by Cureton. At the meeting, Thompson sold Cureton crack cocaine. The tape of the meeting was played at trial. Dixon testified that he had arranged the meeting, but that it was not his intention that crack cocaine be distributed.
 
 
 6
 Cureton met again with Thompson on January 10, 1992, and bought more crack cocaine. This meeting was also recorded. Dixon did not attend that meeting. Count One of the indictment related to the December 2, 1991 drug transaction, and Count Three alleged that Thompson had a handgun at that meeting. Count Two contemplated the January 10, 1992 transaction, and did not name Dixon.
 
 
 7
 Misjoinder under Rule 8, Fed. R. Crim. P., is subject to harmless error analysis. United States v. Lane, 474 U.S. 438 (1986). Charges against multiple defendants may be joined under Fed. R. Crim. P. 8 where the defendants have participated in the same act or transaction or same series of acts or transactions constituting the offense or offenses. See United States v. Haney, 914 F.2d 602 (4th Cir. 1990) (separate offenses are within the same series if they arise out of a common plan or scheme). Our review of the record in this case convinces us that the Defendants were properly joined and the trial court did not err in denying Dixon's motion to sever.
 
 
 8
 The decision to sever is within the discretion of the trial court and we will not reverse that decision absent an abuse of discretion. United States v. Brooks, 957 F.2d 1138 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S. 1992); United States v. LaRouche, 896 F.2d 815 (4th Cir.), cert. denied, 496 U.S. 927 (1990). The burden is on the defendant to make a particularized showing of prejudice. United States v. Clark, 928 F.2d 639, 645 (4th Cir. 1991). Refusal to sever constitutes an abuse of discretion only where the denial deprives the defendant of a fair trial and results in a miscarriage of justice. United States v. Chorman, 910 F.2d 102 (4th Cir. 1990).
 
 
 9
 It is undisputed that Dixon, Thompson, and Cureton were present at the meeting on December 2, 1991, and that Thompson had a handgun at that meeting. Therefore, Counts One and Three involved the same acts and transactions which constituted two offenses"the distribution of a controlled substance and the use and carrying of a firearm during and in relation to a drug trafficking crime.
 
 
 10
 We have held that separate acts constituting separate offenses are sufficiently related to be joined under Rule 8(b) if they arise out of a common plan or scheme. United States v. Porter, 821 F.2d 968, 972 (4th Cir. 1987), cert. denied, 485 U.S. 934 (1988). The series of acts must be "unified by some substantial identity of facts or participants." United States v. Porter, 821 F.2d at 972. The facts of this case meet that test.
 
 
 11
 It was Dixon who first met Cureton and offered to find someone from whom Cureton could buy drugs. Dixon admittedly arranged the December 2, 1991, meeting and introduced Cureton to Thompson. Although Dixon was not present at the January 10, 1992, meeting between Cureton and Thompson, such a meeting would never have occurred without Dixon's participation in arranging the first meeting. Thus, a logical relationship exists between the transactions on December 2, 1991, and January 10, 1992. See United States v. LaRouche, 896 F.2d at 830 n.5.
 
 
 12
 Furthermore, the district court carefully advised the jury that it should not consider the evidence of Counts Two and Three against Dixon, who was not charged in those counts. The district court repeated this warning in its charge to the jury and when explaining the verdict form to the jury.
 
 
 13
 Dixon failed to allege or show that the district court's denial of his motion to sever caused him actual prejudice requiring reversal. United States v. Lane, 474 U.S. at 449. Therefore, the district court's decision not to sever, even if in error, was harmless. Accordingly, we affirm the decision of the district court.
 
 
 14
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED