45 F.3d 428
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charlie Earl FONVILLE, Defendant-Appellant.
 No. 92-5564.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 17, 1993.
Decided: Dec. 29, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Malcolm J. Howard, District Judge. (CR-92-9)
 Carl L. Tilghman, Beaufort, NC for Appellant. James R. Dedrick, United States Attorney, David P. Folmar, Jr., Assistant United States Attorney, Raleigh, NC, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Charlie Fonville appeals from a district court judgment entered pursuant to a jury verdict finding him guilty of conspiring to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C.A. Sec. 846 (West Supp.1993), of possessing with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) (1988), and of aiding and abetting in violation of 18 U.S.C. Sec. 2 (1969).
 
 
 2
 Initially, we reject Fonville's contention that the district court erred by denying his motions to dismiss and for acquittal based on the insufficiency of the evidence to support his convictions. We review such challenges in a light most favorable to the Government, asking whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Baker, 985 F.2d 1248, 1257 (4th Cir.1993). To achieve a conspiracy conviction in this case, the Government had to prove that Fonville was a voluntary participant in an agreement between Fonville and at least one other person to violate federal narcotics laws. See United States v. Bell, 954 F.2d 232, 236 (4th Cir.1992); United States v. Clark, 928 F.2d 639 (4th Cir.1991).
 
 
 3
 There was ample evidence in this case to establish these elements. Testimonial evidence established that Fonville purchased quantities of crack cocaine from a wholesale drug distributor known as William Audevert on numerous occasions over a five-week period prior to the arrest of Fonville and Audevert. Audevert testified that he traveled constantly between Miami, Florida, where he obtained drug supplies, and Jacksonville, North Carolina, where he sold the drugs obtained in Miami. He testified that he did not sell to drug users, but only to dealers, and that Fonville was one of his buyers.
 
 
 4
 Fonville was arrested in Audevert's motel room in Jacksonville on December 18, 1991. Audevert had stopped at Fonville's residence earlier in the day and informed Fonville where he and a coconspirator, Jorge Medina, were staying. Fonville went to the motel room while Audevert was out, and was permitted entrance by Medina.
 
 
 5
 Fonville brought to the motel room an electronic scale with digital display, commonly used by drug dealers for weighing quantities of drugs.
 
 
 6
 Jacksonville police were surveilling Audevert's room on the day in question, and arrested Audevert as he approached the door to the room. Police then entered the room in which Medina and Fonville were present, and the ensuing search discovered the electronic scale, some marijuana, and over $8000 in cash in the room. Three hundred grams of crack cocaine were found in the bathroom area of the room, and while searching Fonville's car outside the room, police found a pager. During the hour that Fonville was being processed at the police station, the pager received at least ten incoming calls.*
 
 
 7
 Fonville also argues that the district court committed prejudicial error by admitting into evidence Audevert's testimony that Fonville knew that he was in town on the date in question to sell drugs. We, however, find no abuse of discretion. See United States v. Gravely, 840 F.2d 1156, 1162 (4th Cir.1988). While Federal Rule of Evidence 602 prohibits witnesses from testifying about matters outside their personal knowledge, Audevert's contacts with Fonville were sufficiently extensive that he could reasonably testify that Fonville knew of his purpose for coming to Jacksonville. The nature of Audevert's business was so well known that, according to Audevert's testimony, he merely needed to drive around town and be seen in order to notify local drug dealers that he had arrived with a new supply of drugs. In any event, we note that Audevert at one point testified on cross-examination to the same information Fonville contends was improper on direct examination, and therefore conclude that, even assuming error for purposes of argument, such error was harmless.
 
 
 8
 Finally, we reject Fonville's contention that he was denied a fair trial because of the trial court's brief questioning of witness Medina after he testified that, even though he did not know Fonville and even though the motel room contained evidence of illegal activity and a large sum of cash, he allowed Fonville to enter merely because Fonville said that he knew Audevert. Although the district court's questioning highlighted the incongruity of these statements, a trial judge may properly question a witness about his truthfulness. See United States v. Vosper, 493 F.2d 433, 436 (5th Cir.1974). The trial judge's questions in this case provided no basis for inferring any bias on his part toward the proper verdict, and as such were permissible under Fed.R.Evid. 614(b). We note, moreover, that Fonville concedes that the trial court issued curative instructions regarding questions and statements by the trial court both in its opening instructions and again in its final instructions. Particularly in view of these instructions, we find no infringement upon Fonville's right to a fair trial. See Moore v. United States, 598 F.2d 439, 443 (5th Cir.1979).
 
 
 9
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The evidence was also sufficient to support Fonville's possession conviction, since he was responsible for any foreseeable acts of his coconspirators committed in furtherance of the conspiracy, and it was certainly foreseeable, in light of their regular drug distribution activities, that his co-conspirators would possess drugs in the motel room