69 F.3d 534
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Laura Springs DANIELS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Debra Yvonne CHISHOLM, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Millard Carson McCAIN, Defendant-Appellant.
 Nos. 94-5015, 94-5512, 94-5513.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 28, 1995.
Decided Oct. 31, 1995.
 
 Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, District Judge. (CR-92-270-MU)
 ARGUED: James Ernest Gronquist, Charlotte, North Carolina, for Appellant Chisholm; Armando R. Cobos, Charlotte, North Carolina, for Appellant Daniels; Kevin Lee Barnett, Charlotte, North Carolina, for Appellant McCain. Robert Jack Higdon, Jr., Assistant United States Attorney/Lead Attorney, Organized Crime Drug Enforcement Task Force, Charlotte, North Carolina, for Appellee. ON BRIEF: Mark T. Calloway, United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Laura Springs Daniels, Debra Yvonne Chisholm, and Millard Carson McCain were convicted of conspiracy to possess with the intent to distribute and to distribute heroin and cocaine. See 21 U.S.C.A. Sec. 846 (West Supp.1995). Chisholm appeals her conviction, claiming that her federal prosecution for conspiracy was a second prosecution for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment. McCain appeals his conviction, asserting that the evidence presented at trial was insufficient as a matter of law to support the verdict rendered against him. Finally, Chisholm and Daniels appeal their sentences, arguing that the district court erred in attributing 700 grams of heroin to them for the purposes of calculating their offense level. See United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1(c) (Nov.1993). We find each argument to be without merit and affirm the judgment of the district court.
 
 I.
 
 2
 Viewing the evidence in the light most favorable to the Government, Glasser v. United States, 315 U.S. 60, 80 (1942), the record demonstrates that Daniels, Chisholm, and McCain sold narcotics while members of the William Arthur "Billy" Brown drug organization. This group distributed large quantities of heroin and cocaine in Charlotte, North Carolina from late 1989 until early 1992, selling drugs from at least two houses on Wayt Street, identified respectively as the "red and white" house and "2000 Wayt Street." The drugs were distributed in distinctive packaging, often marked with stars, stripes, or the words "Tango & Cash."
 
 
 3
 McCain served as a middleman, receiving heroin from Brown and distributing it to others for sale. In addition, he participated in retail activities, selling it directly to numerous individuals. Chisholm and Daniels also sold drugs at the retail level. Chisholm sold heroin from not only the red and white house but also her own residence on Celia Avenue. At one point, Chisholm lived in the red and white house, overseeing daily operations. Daniels also sold heroin on a daily basis for extended periods of time, distributing on the street outside the red and white house and from 2000 Wayt Street.
 
 II.
 
 4
 Chisholm submits that her conviction violated the Double Jeopardy Clause because it was based upon the same acts and events that resulted in a North Carolina state court conviction for heroin trafficking. This position is completely without merit. Under the dual sovereignty doctrine, both the federal and state governments may prosecute a defendant for the same act without violating the Double Jeopardy Clause. Heath v. Alabama, 474 U.S. 82, 88-89 (1985). Moreover, a substantive crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes. United States v. Felix, 503 U.S. 378, 391-92 (1992).
 
 
 5
 Equally meritless is McCain's argument that the evidence presented at trial was insufficient to support the verdict against him. To establish a conspiracy pursuant to 21 U.S.C.A. Sec. 846, the Government must prove: 1) an agreement between two or more persons to under take conduct that would violate the federal drug laws and 2) the defendant's willful participation in that agreement. United States v. Clark, 928 F.2d 639, 641-42 (4th Cir.1991). In evaluating the sufficiency of evidence in a criminal appeal, we must determine--viewing the evidence in the light most favorable to the Government--whether a rational fact finder could find the defendant guilty beyond a reasonable doubt. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982).
 
 
 6
 Numerous witnesses testified concerning McCain's participation in the conspiracy. The evidence presented clearly was sufficient to prove that he was a party to an agreement to distribute as well as a willful participant in that agreement.
 
 III.
 
 7
 Finally, Chisholm and Daniels maintain that the district court erred in finding that they each were responsible for at least 700 grams of heroin, resulting in a base offense level of 30. See U.S.S.G. Sec. 2D1.1(c). Factual findings by the district court regarding the quantity of drugs attributable to a defendant are reviewed for clear error. United States v. Mark, 943 F.2d 444, 450 (4th Cir.1991). And, the quantity of drugs properly attributable to a defendant as part of a criminal conspiracy is that amount reasonably foreseeable to the defendant within the scope of his or her agreement. See U.S.S.G. Sec. 1B1.3, comment. (n. 2); see also United States v. Irvin, 2 F.3d 72, 77 (4th Cir.1993), cert. denied, 114 S.Ct. 1086 (1994).
 
 
 8
 The finding of the district court was adequately supported by the record. See Mark, 943 F.2d at 450. A law enforcement officer involved in the investigation testified that in his estimation, the organization distributed no less than one 80-packet bundle--each bundle containing at least four grams of heroin--per day from each Wayt Street house. In addition, several witnesses testified that both Chisholm and Daniels made frequent and numerous heroin sales for a period well in excess of one year. While perhaps not exact, 700 grams is a conservative estimate of the amount of drugs attributable to Chisholm and to Daniels. It is clear from the record that at least this amount was reasonably foreseeable to each of them within the scope of their agreement to participate in the conspiracy.
 
 AFFIRMED