UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5059

COREY STEVEN JOHNSON, a/k/a Little
Corey,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-93-419)

Submitted: December 14, 1995

Decided: January 5, 1996

Before ERVIN, Chief Judge, and WIDENER and WILKINS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William B. Purpura, Baltimore, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, Andrea L. Smith, Assistant United
States Attorney, Susan M. Ringler, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Corey S. Johnson ("Little Corey") was convicted by a jury of conspiracy to distribute and possess with intent to distribute heroin, 21 U.S.C.A. § 846 (West Supp. 1995), and was sentenced to a term of 420 months. Johnson appeals his conviction on the ground that the district court plainly erred in allowing the prosecutor to put improper questions to a witness and that his attorney was ineffective in failing to object. He also appeals his sentence, alleging that the district court clearly erred in finding that he was a manager or supervisor, USSG § 3B1.1(b),[1] and erred in departing upward on unreliable evidence of his involvement in a fatal shooting, USSG § 5K2.1, p.s., and on inadequate evidence of his involvement in the arson of a dry cleaning store, USSG § 5K2.5, p.s. Finding no error, we affirm.

At Johnson's trial, Givette Hogan testified for the government that during the first half of 1991 she worked for an organization known at the time as "Strong as Steel," which distributed heroin in an area of Baltimore, Maryland, and was run by Johnson's cousin, Corey Woodfolk ("Big Corey"). Hogan distributed heroin daily from various stash houses. She testified about the numerous other members of the conspiracy and the function each performed during the time she knew them. She testified that Woodfolk and Johnson both had police scanners and that they decided which stash house would be used on a given day. Johnson personally woke Hogan each morning and made sure she was at the stash house by 10:00 a.m. He also gave her the heroin supply for the day.

Hogan testified that in the spring of 1991 Woodfolk and Johnson were angry about two drug dealers from a rival organization selling

_____

**1** United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1994).

in their area despite warnings to stay away. On Easter Sunday, in Hogan's presence, Woodfolk and Johnson ordered two Strong as Steel members, Boss and Diamond, to get out their guns because the rival dealers were back. Outside, Woodfolk and Johnson gestured toward the two dealers, who were immediately shot, one of them fatally.

Hogan also testified that during the spring Woodfolk expressed a desire to kill or frighten the owner of a dry cleaning business across the street from one of the Strong as Steel stash houses. The man had complained to police about drug activity near his store more than once. Johnson heard Woodfolk's threats. In September 1991, while Hogan was in jail, the dry cleaners was burned by arsonists. Johnson was also implicated in the December 1992 murder of Dwayne Oliver, another drug dealer, by Marian Cheatham, who testified at Johnson's trial that she saw Johnson shoot Oliver.[2]

Johnson first argues that the district court committed plain error in allowing the prosecutor to ask Hogan whether she and others worked for an "organization" called Strong as Steel and to continue to use the term "organization" in questioning her. Johnson maintains that the government was thus permitted to assume the existence of a conspiracy without ever proving its existence. He further claims that his attorney was ineffective in failing to object to the prosecutor's questions.

To reverse a conviction for plain error, the appeals court must find that an error occurred which was plain and which seriously affected the fairness, integrity or public reputation of the trial. United States v. Olano, ___ U.S. ___, 61 U.S.L.W. 4421 (U.S. Apr. 26, 1993) (No. 91-1306); United States v. Brewer, 1 F.3d 1430, 1434-35 (4th Cir. 1993). To convict Johnson of conspiracy, the government had to prove (1) an agreement between two or more persons to violate the federal controlled substance laws, and (2) Johnson's willful joinder in that agreement. United States v. Clark, 928 F.2d 639, 641-42 (4th Cir. 1991). Because Hogan's testimony amply established the existence of

_____

[2] Cheatham's testimony was not included in the joint appendix, but information about the murder is contained in the presentence report.

3

a heroin conspiracy and Johnson's willing participation in it, we find that no plain error occurred.**3**

With regard to his sentence, Johnson argues that his role was menial rather than managerial, that he was no more than a runner working at the lowest point in the conspiracy's hierarchy. The district court found that Johnson acted as more than a mere courier when he took the daily supply of heroin to Hogan and made sure the stash house was open and functioning at the start of the day. In addition, the court found that Johnson played a supervisory role in keeping order among the addicts lined up outside the stash house, an activity which Johnson acknowledges. The determination of the defendant's role in the offense is a factual question reviewed under the clearly erroneous standard. United States v. Harriott , 976 F.2d 198, 202 (4th Cir. 1992). We do not find clear error here.

Last, Johnson challenges the district court's 2-level upward departures for murder and arson.**4** Departures are reviewed under the four-part test set out in United States v. Hummer, 916 F.2d 186, 192 (4th Cir. 1990), cert. denied, 499 U.S. 970 (1991). Both death and property damage which are not taken into account by the guideline applicable to the offense of conviction are factors on which departures may be based. USSG §§ 5K2.1, 5K2.5. We review the district court's findings that the alleged circumstances are factually supported under the clearly erroneous standard, and review its decision to depart and the extent of the departure for abuse of discretion. Id.

_____

**3** The government invites us to examine the trial transcript for the testimony of other witnesses not included in the joint appendix. All portions of the record to which the parties wish to direct the attention of the court should be in the joint appendix. Fed. R. App. 30(a), (b). The burden of compliance with the rule is borne by both parties. United States v. Banks, 10 F.3d 1044, 1050 n.1 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3755 (U.S. May 16, 1994) (No. 93-8404) and 62 U.S.L.W. 3825 (U.S. June 13, 1994) (No. 93-8056).

**4** Johnson does not contest a third 2-level departure for unlawful restraint, USSG § 5K2.4, based on his participation in a robbery of yet another drug dealer.

4

Johnson argues that Marian Cheatham's testimony about his murder of Dwayne Oliver was unreliable because (1) she was a drug addict, (2) her statement about where Oliver was shot differed slightly from the autopsy report, and (3) she initially accused another conspirator of shooting Oliver. The district court agreed that Cheatham's testimony would not establish Johnson's guilt beyond a reasonable doubt. However, having heard Cheatham testify, the district court found that she was believable and found by a preponderance of the evidence that Johnson had committed the murder. As the party challenging this finding, it was Johnson's burden to include Cheatham's testimony in the materials presented on appeal. Notwithstanding this omission, which prevents us from reviewing her testimony, we are satisfied that there was factual support for the finding that Johnson had participated in one or more murders. We find that the district court's decision to depart by two levels was not an abuse of discretion.

Johnson claims that the court lacked factual support for its finding that the arson of the dry cleaners was reasonably foreseeable to him. Hogan testified that both she and Johnson were present when Woodfolk discussed various ways of intimidating the owner of the cleaners, among them burning the building. The court found that Johnson was involved in the violent side of the conspiracy as well as the distribution aspect, and that the arson was thus foreseeable to him and a factor for which a departure should be made in his case. We find that the district court neither clearly erred in the former finding nor abused its discretion in the latter finding. The extent of the departure was also reasonable.

Accordingly, we affirm the conviction and the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5