**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                     No. 95-5645

SHAFT DICKERSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Chief District Judge.
(CR-94-64)

Submitted: February 27, 1997

Decided: March 12, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory B. English, ENGLISH & SMITH, Alexandria, Virginia, for
Appellant. Robert P. Crouch, Jr., United States Attorney, Karen B.
Peters, Assistant United States Attorney, Eric Chaffin, Third Year
Law Clerk, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Shaft Dickerson appeals his conviction for his role in a conspiracy to distribute cocaine in violation of 21 U.S.C.§ 846 (1994). Although Dickerson contends that his conviction is not supported by sufficient evidence, his argument is couched in terms that suggest the district court erred in failing to find that Dickerson was entitled to assert an entrapment defense. Dickerson urges this court to reverse his conviction on the grounds that the Government failed to prove that he was predisposed to commit the offense.

Dickerson was arrested after a phony drug transaction arranged by an informant with a government agent. Dickerson and his co-conspirator agreed to purchase one kilogram of crack cocaine and accept a second "fronted" kilogram for $10,000. The transaction was memorialized on videotape, and the government agent and an additional informer testified as to the details of the transaction.

Arguing that his conviction is not supported by sufficient evidence, Dickerson states that the evidence of record reveals "a convincing lack of predisposition." This court is unaware of any support for the proposition that predisposition is an element of the conspiracy offense and Dickerson is not forthcoming with any. The essential elements of a 21 U.S.C. § 846 (1994) conspiracy are (1) an agreement between two or more persons to undertake conduct that would violate the laws of the United States relating to controlled substances and (2) the defendant's wilful joinder in that agreement. United States v. Clark, 928 F.2d 639, 641 (4th Cir. 1991). Taking the evidence in a light most favorable to the government, as we must, Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Tipton , 90 F.3d 861, 889 (4th Cir. 1996), there is ample evidence to prove beyond a reasonable doubt that Dickerson wilfully entered an agreement with his co-conspirator to buy what he believed was two kilograms of crack cocaine from the undercover agent.

To the extent that Dickerson's appeal is more properly understood as challenging the district court's declining to find that Dickerson had established an entrapment defense, it is equally without merit. Entrap-

2

ment is an affirmative defense which requires more than a scintilla of evidence that the government induced the defendant to commit the charged offense. United States v. Daniel, 3 F.3d 775, 778 (4th Cir. 1993) (citing United States v. Perl, 584 F.2d 1316, 1321 (4th Cir. 1978)). Once a defendant has presented evidence of inducement by government agents, the government has the burden to prove beyond a reasonable doubt that the defendant was independently predisposed to commit crime. Jacobson v. United States, 503 U.S. 540, 549 (1992). "Inducement" is a term of art. It involves elements of governmental overreaching and conduct sufficiently excessive to implant a criminal design in the mind of an otherwise innocent party. Daniel, 3 F.3d at 778.

The record is virtually bereft of such evidence. The agent and informant did no more than solicit and facilitate the transaction. The conduct on their part was by no means either "overreaching" or "excessive." Because Dickerson failed to produce evidence of inducement, the burden never shifted to the Government to prove beyond a reasonable doubt that Dickerson was independently predisposed to commit the crime. Consequently, the fact that the Government did not attempt to introduce such evidence is of no moment.

Finding no merit to Dickerson's assignment of error, no matter how it is characterized, we affirm Dickerson's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3