**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 05-4994**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARK ANTHONY BROCK,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Chief District Judge.  (CR-04-10060)

───────────

Submitted:  June 21, 2006             Decided:  July 17, 2006

───────────

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Joseph W. Rasnic, Jonesville, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mark Anthony Brock appeals his conviction and 240-month sentence imposed for three counts of distribution of a schedule II controlled substance to a person under twenty-one years of age, in violation of 21 U.S.C. §§ 841(b)(1)(C), 859 (2000), and two counts of distribution of morphine, in violation of 18 U.S.C. § 841(b)(1)(C) (2000). On appeal, Brock argues that it was error for the district court to deny his motion to sever counts five and six, relating to two controlled purchases of narcotics by government agents, from counts one through four, relating to the distribution of narcotics to two friends. Brock also contends the district court abused its discretion by imposing a substantial upward departure. Finding no error, we affirm.

This court reviews the denial of a motion to sever for an abuse of discretion. United States v. Rhodes, 32 F.3d 867, 872 (4th Cir. 1994). We have held that all counts charged in a single indictment are generally tried together. United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992). To obtain a severance under Fed. R. Crim. P. 14, a defendant must show that the joinder "was so manifestly prejudicial that it outweighed the dominate concern with judicial economy and compelled exercise of the court's discretion to sever." United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995) (citing United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980)). The burden is upon the defendant to make a

particularized showing of prejudice from the denial of a severance motion.  <u>United States v. Clark</u>, 928 F.2d 639, 645 (4th Cir. 1991).

Where evidence of the crimes "would be mutually admissible for legitimate purposes in separate trial for each offense," the possibility of prejudice requiring severance is "greatly diminished."  <u>United States v. Cole</u>, 857 F.2d 971 (4th Cir. 1988).  If much of the evidence could have been properly introduced in separate trials under Fed. R. Evid. 404(b), then the possibility of prejudice is greatly mitigated.  <u>Id.</u>  The possibility of prejudice is further reduced if an instruction is given to the jury cautioning them to consider the evidence of each crime separately.  <u>Id.</u>

We find that the district court  properly denied Brock's motion to sever counts five and six.  Because the evidence would have been admissible in separate trials for each group of charges, the interests of judicial economy were furthered, and the court gave a limiting instruction that guarded against the possibility of prejudice, we find the district court did not abuse its discretion.

Brock's sentence of 240 months' imprisonment was based on an upward departure from the guidelines range of 110 to 137 months' imprisonment pursuant to <u>U.S. Sentencing Guidelines Manual</u> § 5K2.0. Although the district court's ultimate decision to depart is reviewed de novo, we review the factual findings underlying that decision for clear error, and the extent of the departure for

reasonableness.  United States v. Davis, 380 F.3d 183, 187-88 (4th Cir. 2004).  The district court must first determine the guidelines range and, if a sentence within that range is not adequate to meet the sentencing factors set forth pursuant to 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), the court may "look to whether a departure is appropriate based on the Guidelines Manual or relevant case law."  United States v. Moreland, 437 F.3d 424, 432 (4th Cir.) (explaining procedure to be followed when guidelines range is inadequate, and discussing difference between departures under the guidelines and variance sentences), cert. denied, 126 S. Ct. 2054 (2006).

Brock does not challenge the district court's calculation of the guidelines range.  Moreover, the court provided cogent reasons for departing from that range, including Brock's providing illicit drugs to a minor who did not want the drugs, failing to seek assistance for a person who overdosed on drugs in his presence, and hiding the overdose victim's body in the woods so Brock's involvement in the victim's death would not be discovered.  On this record, we cannot say that the district court erred in applying an upward departure.  See Moreland, 437 F.3d at 432-33; see generally United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006), cert. denied, __ U.S. __, 2006 WL 1057741 (U.S. May 22, 2006) (No. 05-10474).  Moreover, we conclude that the extent of the departure was reasonable.

- 4 -

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>