First, the Government's alleged scheme is so broad that any act of corruption at any point during Defendant Oaks' public service could be properly joined to the Government's liking. Even Rule 8(a)'s interest in judicial economy does not warrant such a permissive approach. At oral argument, the Government attempted to limit its facially overbroad theory by arguing that any such joinder would still require some fact-specific connection between the corrupt schemes. The Defendant, however, appears to be the only connection between the bribery scheme alleged in Counts One through Nine and the obstruction scheme alleged in Count Ten.[4] The Fourth Circuit has consistently held that joinder is not proper when the only connection between the alleged schemes is the defendant. Hawkins , 776 F.3d at 209 ; Mackins , 315 F.3d at 412-413.
Furthermore, the Government's reliance on Rabbitt , 583 F.2d 1014, to support its broad characterization of the Defendant's corrupt scheme is misplaced. In that case, the Eighth Circuit held that joinder of multiple counts of corruption against one elected official may be proper even where the misconduct involved different bribers and different official acts. Id. at 1019-21. The Eighth Circuit observed that the defendant's "common plan" was to "to obtain money because of his power, authority, and influence as a legislator." Id. at 1021. If Count Ten charged Defendant Oaks with another count of bribery-this time to support legislation favorable to the bail bond industry rather than a purported Texas businessman-then Rabbitt would provide persuasive authority in favor of joinder here. Count Ten, however, charges the Defendant with obstructing justice by secretly informing Person # 1 that he was under investigation, conduct that neither involves "Oaks' use of his official position, power and influence as a legislator" nor constitutes an effort "to obtain money and other benefits to which he was not entitled." The Rabbitt decision, therefore, does not apply to this case.[5]
*881 Second, the distinction of Rabbitt underscores how the Government's theory is underinclusive. Defendant Oaks is not alleged to have obstructed justice "to obtain money and other benefits to which he was not entitled." Rather, the Government's own brief concedes that Oaks "intended to tip off Person # 1 so as to prevent him from engaging in unlawful conduct." (Opp'n 18, ECF No. 47.) At the hearing, the Government did not challenge the Defendant's assertion that the $2,600 Person # 1 allegedly paid to Defendant Oaks is now in the Government's possession. The Government has not shown what, if any, personal benefit Defendant Oaks sought, let alone retained, in tipping-off Person # 1. The Government's description of the purported overarching scheme therefore fails to capture Count Ten.
Perhaps recognizing this shortcoming, the Government at oral argument emphasized Rule 8(a)'s "connected with" language. The timeline of events in this case undoubtedly reveals a causal connection between the two investigations , but the alleged bribery conduct and the alleged obstruction conduct do not share a "common scheme or plan." Fed. R. Crim. P. 8(a). The Government's argument would perhaps have merit if Rule 8(a) required only "common facts" or "common individuals" or "common context" or "common investigators" or a connection with "a [ ] scheme or plan." The text of Rule 8(a), however, requires two charges to share a "common scheme or plan." Fed. R. Crim. P. 8(a). In this case, the Defendant's scheme or plan in the alleged bribery counts was to "to obtain money and other benefits to which he was not entitled." Defendant's scheme or plan in the alleged obstruction count was "to prevent [Person # 1] from engaging in unlawful conduct." (Opp'n 18, ECF No. 47.) These two schemes are quite distinct and far from "common" as required by Rule 8(a). Joinder of Count Ten is therefore improper, and Count Ten must be severed.
IV. Rule 14 -Relief from Prejudicial Joinder
In the alternative, if Count Ten were properly joined under Rule 8(a), this Court now turns to the question of whether to exercise its discretionary authority-as acknowledged by the Government at the hearing-to sever Count Ten under Rule 14 of the Federal Rules of Criminal Procedure. Rule 14(a) enables this Court to sever Count Ten if a joint trial "appears to prejudice [the] defendant." Fed. R. Crim. P. 14(a).
The Defendant asserts that two sources of prejudice, as identified in United States v. Foutz , 540 F.2d 733, 736 (4th Cir. 1976), justify severance in this case. First, "the defendant may be confounded in presenting defenses, as where he desires to assert his privilege against self-incrimination with respect to one crime but not the other." (Mot. 7, ECF No. 44 (quoting Foutz , 540 F.2d at 736 ).) The Defendant asserts that it is "reasonable" and "plausible" that he *882 "may wish to testify as to Count Ten, but not Counts One through Nine, since ... the government's proof is the word of someone (Person # 1) who was (and perhaps still is) facing criminal prosecution." (Id. ) Defendant Oaks "may be coerced into testifying on the count upon which he wished to remain silent." (Id. 8 (quoting Baker v. United States , 401 F.2d 958, 976 (D.C. Cir. 1968) ).)
Second, the Defendant argues that "the jury may conclude that the defendant is guilty of one crime and then find him guilty of the other because of his criminal disposition." (Mot. 7 (quoting Foutz , 540 F.2d at 736 ).) For example, the jury may find the Defendant guilty of the bribery counts and go on to convict him of the obstruction count simply because he is a "dirty" or "crooked" politician. The Defendant asserted at the hearing that such a risk is especially acute when most of the evidence in a joint trial would focus on Counts One through Nine.
In response, the Government argues that Defendant Oaks fails to make a "strong showing of prejudice" as required by Rule 14. (Opp'n 25, ECF No. 47 (citing Goldman , 750 F.2d at 1225 ).) First, the Government contends that the Defendant's claim that it is "conceivable" he "may" want to testify falls short of showing a "genuine" and "serious risk of prejudice," (Opp'n 26-27), especially when he allegedly confessed to tipping-off Person # 1. The Government also notes that while Oaks did not record his own statements tipping-off Person # 1, Oaks did record other conversations probative of his obstruction efforts. (Id. 26.) Second, the Defendant's concern about the jury improperly relying upon a "criminal disposition" is speculative and has "no actual basis." (Id. 28.) The Government further argues that a curative jury instruction, which would be presumed effective, Zafiro , 506 U.S. at 540-41, 113 S.Ct. 933, would mitigate any risk of prejudice in this case, particularly when the offenses are equally inflammatory or sensational. (Id. 28-29.)
This Court finds that the Defendant has made a strong and genuine showing that the joinder of Count Ten would present "a serious risk that a joint trial would ... prevent the jury from making a reliable judgment about guilt or innocence." Cardwell , 433 F.3d at 387-88. In terms of the Defendant's presentation of defenses, a joint trial may very well encumber the Defendant's decision about whether to assert his Fifth Amendment privilege against self-incrimination. See United States v. Clark , 928 F.2d 639, 644-45 (4th Cir. 1991) ; Baker v. United States , 401 F.2d 958, 977 (D.C. Cir. 1968). It is objectively reasonable for the Defendant to desire to testify solely as to Count Ten in order to refute, explain, or qualify either the alleged obstructive comments or his own alleged confession, neither of which was recorded on tape. The disparity in recorded conversations between the bribery counts and the obstruction count distinguishes the ultimate holding in United States v. Clark , 928 F.2d 639, 644-45 (4th Cir. 1991), in which the Fourth Circuit approved joinder because the defendant failed to show how a joint trial would present additional pressure on the decision to testify. Cf. Baker , 401 F.2d at 977 (approving joinder where "appellant could not have escaped the need to give such testimony in a separate trial"). No jury instruction could remedy the forces at play upon the Defendant's assertion of his Fifth Amendment privilege against self-incrimination.
Regarding the risk of the jury improperly relying upon a perceived criminal propensity, Rule 404(b) of the Federal Rules of Evidence is instructive. See Foutz , 540 F.2d at 736. Rule 404(b) restricts the admissibility *883 of evidence of "other crimes" because "some degree of prejudice is necessarily created by permitting the jury to hear evidence of both crimes." See id. (citations omitted).
While the Government asserts that Person # 1's prior transactions with the Defendant would be admissible under Rule 404(b) in a trial on Counts One through Nine to prove Oaks' "intent, ... knowledge, ... [and/or] absence of mistake" in accepting similar cash and other benefits,[6] the Government struggles to demonstrate how evidence of Counts One through Nine would be admissible in a trial on Count Ten. The Government concludes that the bribery evidence would be necessary to prove the "factual context" of Oaks' cooperation agreement, but offers no authority or analysis under Rule 404(b), or Rule 403 for that matter. This Court notes that "factual context" is not listed in Rule 404(b) as a "permitted use." Furthermore, the purported "contextual" evidence the Government would seek to introduce in a joint trial, such as videos of Defendant Oaks accepting bribes on three occasions (Opp'n 22, ECF No. 47), would present a risk that the jury would unfairly rely upon a perceived criminal character when considering the obstruction charge in Count Ten. Based upon the current record, such a prejudicial risk substantially outweighs the evidence's probative value as "factual context." This apparent prejudice also warrants severance under Rule 14 of the Federal Rules of Criminal Procedure. See Foutz , 540 F.2d at 736.
Taken together, these two forms of prejudice present "a serious risk that a joint trial would ... prevent the jury from making a reliable judgment about guilt or innocence." Cardwell , 433 F.3d at 387-88. Even if joinder were proper under Rule 8(a), this Court hereby exercises its discretion under Rule 14 to sever Count Ten.
CONCLUSION
For the reasons stated above, Defendant's Motion for Severance of Count Ten (ECF No. 44) is GRANTED, and Count Ten is severed from Counts One through Nine. The trial of this case shall proceed as scheduled on April 16, 2018 with respect to Counts One through Nine, and a separate trial-to be scheduled at a later date-shall be held with respect to Count Ten.
A separate Order follows.

In making this observation, this Court stresses that the Defendant connects the schemes themselves, whereas some evidence and context connects the government investigations.

Although not necessary to this conclusion, this Court notes that this 1978 Eighth Circuit decision was abrogated in part on other grounds by McNally v. United States , 483 U.S. 350, 356-361, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987). In McNally , the Supreme Court held that the federal mail fraud statute did not proscribe schemes by elected officials to defraud citizens of their intangible rights to the honest services of their representatives. Id. Congress quickly responded to the McNally decision by enacting 18 U.S.C. § 1346, which defines "scheme or artifice to defraud" in § 1341 to explicitly include "a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346, Pub. L. No. 100-690 (HR 5210), November 18, 1988, 102 Stat 4181. This provision became known as the "McNally Amendment" as it was "intended merely to overturn the McNally decision. No other change in the law is intended." 134 Cong. Rec. H11108-01 (daily ed. Oct. 21, 1988) (statement of Rep. Conyers).
The Government also cites United States v. Hutchings , 751 F.2d 230 (8th Cir. 1984), to support its broad theory of joinder, but that case is distinguishable on essentially the same grounds as Rabbitt.

This Court reserves ruling on evidentiary issues raised under Rule 404(b) in the trial on Counts One through Nine.