**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 95-5220

TOY BURTRON MADDEN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
John R. Hargrove, Senior District Judge.
(CR-94-440-JFM)

Submitted: April 9, 1996

Decided: April 22, 1996

Before ERVIN, WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Andrew Lee, III, Silver Spring, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, Joyce K. McDonald, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Toy Burtron Madden appeals his conviction for two counts of bank robbery in violation of 18 U.S.C.A. § 2113(a) (West Supp. 1996). Madden contends, through counsel and in a pro se supplemental brief, that the district court abused its discretion in denying his motion to sever the two counts of bank robbery, the fingerprint evidence was insufficient to sustain a conviction, the photographic array identification procedures were impermissible, and he was denied the right to counsel at the photographic identification. Finding no reversible error, we affirm.

I

A jury convicted Madden of two counts of bank robbery by intimidation in violation of 18 U.S.C.A. § 2113(a) for the December 16, 1992, and January 26, 1993, robberies of Maryland National Bank in Baltimore. Madden moved to sever the two counts for trial on the ground that permitting the jury to hear evidence of both crimes would create prejudice because the jury would be aware of the evidence of one crime while considering whether the Defendant was guilty of another. The district court denied the motion.

During both the December 1992 and January 1993 robberies the robber entered the bank wearing a hooded sweatshirt with the hood up and sunglasses. On both occasions he handed the teller an ATM envelope and a hold-up note. The hold-up notes were nearly identical in language. Three eyewitnesses testified at trial, and all three stated that they believed the robber that held up the bank in December was the same person who held up the bank the following January. All three identified Madden in court as the person who twice robbed the bank. In addition, two of the three eyewitnesses picked Madden out of a photographic array as the robber. The Government introduced the December hold-up note with Madden's latent fingerprints on it. Testimony was also presented demonstrating that Madden was not at work on the day of the December robbery. An FBI agent testified regarding the photographic identifications, and stated that the description one of

2

the witnesses gave regarding the robber's getaway vehicle fit the description of Madden's truck.

II

While Fed. R. Crim. P. 14 allows for severance if a defendant will suffer undue prejudice from joinder, the decision to sever is within the discretion of the trial judge and will not be reversed absent an abuse of discretion. United States v. Brooks, 957 F.2d 1138, 1145 (4th Cir.), cert. denied, 505 U.S. 1228 (1992). Refusal to sever constitutes an abuse of discretion only when the denial of severance deprives the defendant of a fair trial and results in a miscarriage of justice. United States v. Chorman, 910 F.2d 102, 114 (4th Cir. 1990). The burden is upon Madden to make a particularized showing of prejudice from the denial of severance. United States v. Clark, 928 F.2d 639, 645 (4th Cir. 1991).

Madden's demonstration of prejudice included a claim at the severance hearing that if he elected to testify about one crime, and not the other, he would be open to cross-examination in the other robbery. Madden did not, however, state to the court that he would or planned to testify regarding either robbery charge. Madden also claimed that the second offense would be used to bolster the allegation that he committed the first. He also stated that trying the two charges together would be prejudicial because the jury might conclude that he was guilty of one crime and also find him guilty of the other because of his criminal disposition.

Madden's claims of prejudice are speculative at best. The two charges of robbery involved the same bank within two months of each other, same witnesses, similar hold-up notes, method of operation, and manner of dress. The robber's manner of dress especially led the witnesses to believe that the robber was the same person in both occurrences. In United States v. Acker, 52 F.3d 509 (4th Cir. 1995), this court held that denial of severance was proper when the Defendant was alleged to have committed four robberies of different banks spanning an eight month time period, and all robberies involved a black female acting alone and wearing the same disguise at the time of each robbery. Acker, 52 F.3d at 513-14. The district court did not abuse its discretion in denying the severance motion.

3

III

Madden asserts that the fingerprint evidence is not enough to sustain his conviction because the probative value of fingerprint evidence on a movable object is highly questionable. On appeal, a jury verdict will be upheld if substantial evidence supports it. Glasser v. United States, 315 U.S. 60, 80 (1942). The inquiry on appeal is whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the Government. Jackson v. Virginia, 443 U.S. 307, 319 (1979).

The fingerprint evidence, however, was but one of several evidentiary showings linking Madden to the two robberies. In addition, the Government offered photographs of the robber from the surveillance camera in the bank, three eye-witnesses, a photograph of Madden's truck which matched the description given by Bowling, and testimony from Madden's employer stating that Madden was not at work on the day of the December robbery. We find that there is substantial evidence to support the jury's finding that Madden was guilty of both bank robbery charges.

IV

Madden claims that the photographic array identification procedure was impermissibly suggestive and that the right to counsel attached at that time because it was a critical stage of the prosecution. In the trial court, Madden did not move to suppress the photographic identifications nor did he object to the photo identification taking place without counsel.

Under Fed. R. Crim. P. 52(b), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." A plain error is a clear or obvious error. The error must be prejudicial and the appellant must make a specific showing of prejudice. The error should only be corrected if the error "`seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" United States v. Olano , 507 U.S. 725, ___, 61 U.S.L.W. 4421, 4424 (U.S. Apr. 26, 1993) (No. 91-1306) (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)).

4

The standard in addressing photographic identification procedures is whether "under all the circumstances of [the] case there is `a very substantial likelihood of irreparable misidentification.'" Manson v. Brathwaite, 432 U.S. 98, 116 (1977) (quoting Simmons v. United States, 390 U.S. 377, 384 (1968)). Madden's claims of error regarding the photographic array include that the array was shown to the witnesses in March, one month after his arrest, and that the witnesses did not have the opportunity to observe him during the robbery. Neither of these claims impugn the integrity of the identification procedure. Further, he claims that the arrays were impermissibly suggestive because one witness, who could not pick Madden from a black-and-white photo array containing an old picture, was later able to identify Madden from a color array; Madden was the only person in both sets of photos. Although this procedure was not ideal, we cannot say that admission of the identification was plain error. Therefore, we find that the photographic identification claims lack merit.

Madden's remaining claim, that he was denied the right to counsel at the photographic identification, is without merit. The Sixth Amendment does not guarantee the accused the right to have counsel present when the government is presenting photographs to eyewitnesses for identification purposes. United States v. Ash , 413 U.S. 300, 321 (1973). We therefore find that the denial of right to counsel at the photographic identification does not constitute plain error.

V

Finding no error requiring reversal of the district court's judgment, we affirm the conviction. We grant the Appellant's motion to file a pro se supplemental brief and have addressed his claims in this decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED