**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4453

GERALD COLEMAN TYLER,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4487

DERRICK HAILSTOCK,
Defendant-Appellant.

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CR-95-233-WMN)

Submitted: March 31, 1997

Decided: September 5, 1997

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Beth M. Farber, Branch
Chief, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Green-

belt, Maryland; David Louis Cohen, Kew Gardens, New York, for Appellants. Lynne A. Battaglia, United States Attorney, Tarra DeShields-Minnis, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gerald Coleman Tyler pled guilty to one count of possession of cocaine with intent to distribute. He appeals the denial of his motion to suppress cocaine recovered from his automobile and statements he later made to authorities. Co-defendant Derrick Hailstock appeals his sentence and his conviction by a jury of one count of possession of cocaine with intent to distribute and conspiracy to possess cocaine with intent to distribute. We affirm.

Determinations of reasonable suspicion to conduct an investigatory stop and probable cause to perform warrantless searches are subject to de novo review on appeal. Ornelas v. United States, ___ U.S. ___, 64 U.S.L.W. 4373, 4375-76 (May 28, 1996) (No. 95-5257). We review findings of fact for clear error and give due weight to inferences drawn from those facts by the district court judge and local law enforcement officers. Id.

Tyler contends that while the initial stop of his Oldsmobile for speeding by Maryland State Police Officer Corporal Quill was valid, Quill soon exceeded the proper scope of a traffic stop in that he (1) deviated from standard police procedure when he placed Tyler in the patrol car instead of allowing him to wait in his own car, and (2) conducted a patdown search of Tyler before placing him in the police car.

2

According to Tyler, once he presented a facially valid driver's license and proper vehicle registration to Quill, Quill should have issued the citation right away and permitted him to proceed on his way. We have held, however, that a fifteen-minute traffic stop such as this one is reasonable where the time between the stop and the search of the vehicle revealing contraband was occupied with traffic stop procedures. See United States v. Jeffus, 22 F.3d 554 (4th Cir. 1994). Moreover, as Tyler failed to object to the contested patdown search at the suppression hearing, he may not contest it now on appeal. Fed. R. Crim. P. 12(b)(3). Accordingly, we find that the district court properly declined to suppress the evidence of the cocaine recovered from Tyler's vehicle. Statements Tyler later made to authorities were therefore not fruit of the poisonous tree.

Hailstock contends that the evidence was insufficient to support his convictions. To support a conviction, "the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

Hailstock first contends that the evidence of conspiracy to possess cocaine with intent to distribute was insufficient because the government failed to prove the existence of an illegal agreement between Hailstock and Tyler. A criminal conspiracy consists of the combination of two or more persons to accomplish some unlawful purpose, or to accomplish a lawful purpose by unlawful means. United States v. Clark, 928 F.2d 639, 641-42 (4th Cir. 1991). The unlawful agreement need not be formal and may be proved by circumstantial evidence. United States v. Meredith, 824 F.2d 1418, 1428 (4th Cir. 1987). The government must produce facts permitting the trier of fact to infer that the parties tacitly agreed to commit an unlawful act. Id.

Our review of the record discloses sufficient evidence of Hailstock's participation in the illegal agreement to sustain his conspiracy conviction. At trial, the fingerprint expert testified that two of Hailstock's fingerprints were lifted from the plastic wrapping packaging

3

two of the four cocaine bricks recovered from Tyler's vehicle. The expert further specified that Hailstock must have touched the plastic wrapping after it had already been wrapped around the brick because of the particular alignment of the prints.

There was also evidence of the recorded phone call placed to "D" by Tyler after he was in custody to a pager number found in Tyler's possession. While Tyler made no explicit reference in the conversation to the cocaine, the nature of the conversation permitted the jury to infer that Tyler was expected to contact "D" at a certain time and that he was late. Moreover, Tyler's unexpected revelation to "D" that he had been locked up certainly permitted the inference that he was communicating his arrest due to the discovery of the cocaine in his possession.

It was established at trial that Tyler was merely a"mule" transporting cocaine from New York to the Baltimore area for someone else. Finally, the special agent's conclusion that Hailstock was "D" because the voices were one and the same provided strong evidence of Hailstock's connection to the transport of cocaine from New York to Baltimore. Hailstock's first challenge is therefore without merit.

Hailstock next maintains that the evidence was insufficient to prove that he constructively possessed the cocaine with intent to distribute. Possession may be actual or constructive. United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir. 1993). Constructive possession exists when the defendant exercises, or has the power to exercise dominion and control over the object in question. Id. Hailstock asserts that the government failed to show that he exercised control over the bricks of cocaine or that he intended their distribution.

This contention also lacks merit because the evidence of the telephone conversation with Tyler, including the identification of Hailstock's voice as that of "D," sufficiently supplemented the fingerprint evidence on the bricks to sustain Hailstock's conviction of possession with intent to distribute. From the evidence, the jury could have reasonably inferred that Hailstock assisted in the packaging or placing of the bricks in the Oldsmobile which Tyler, who was established to be a drug courier, drove south from New York to Baltimore. The recorded conversation provided ample proof from which to infer that

4

Hailstock was waiting in Baltimore for the shipment and intended to meet Tyler to relieve him of the drugs. Accordingly, this contention is also meritless.

Finally, Hailstock contends that the court erroneously increased his base offense level at sentencing by two levels upon finding that he had a supervisory role in the offense. The district court's factual determination concerning Hailstock's role in the offense should only be reversed if it was clearly erroneous. United States v. Johnson, 943 F.2d 383, 387 (4th Cir. 1991).

Hailstock maintains that the district court's finding that he had a supervisory role in the criminal activity was "apparently" based upon Tyler's initial claim to authorities that he transported the bricks of cocaine from New York to Baltimore at Hailstock's request. According to Hailstock, Tyler then recanted that claim.

Our review of the record discloses that the trial judge explicitly found that the evidence at trial sufficiently established that Tyler was a "mule" transporting the drugs for Hailstock. Hailstock's assertion concerning the court's reliance on the allegedly recanted testimony in the presentence report is therefore unfounded.

However, even if the judge had relied on that information in the presentence report, Hailstock's challenge is little more than a mere objection to the report and therefore insufficient to warrant appellate relief. Hailstock has "an affirmative duty to make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate." United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). Absent an affirmative showing that the information is inaccurate, the district court was free to adopt the findings of the presentence report without more specific inquiry or explanation. Id. We conclude that Hailstock's mere assertion that Tyler's statement was recanted and therefore unreliable, without more, is insufficient.

Accordingly, we affirm the denial of Tyler's motion to suppress and affirm Hailstock's convictions and sentence. We deny Tyler's request for oral argument because the facts and legal contentions are

5

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6