**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4000

TONY EDGE; MELVIN LEON GORE,
Defendants-Appellants.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-96-392)

Submitted: May 29, 1998

Decided: July 28, 1998

Before MURNAGHAN and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

G. Wells Dickson, Jr., Charleston, South Carolina; Wm. Reynolds
Williams, WILLCOX, MCLEOD, BUYCK, BAKER & WILLIAMS,
Florence, South Carolina, for Appellants. J. Rene Josey, United States
Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney,
Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tony Edge and Melvin Leon Gore appeal from their convictions and sentences for possession of 92.5 grams of cocaine base with intent to distribute. Appellants' attorneys have filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), claiming that Edge's sentence of life imprisonment without parole was disproportionate to his crime, but concluding that there are no meritorious grounds for appeal. Edge and Gore were informed of their right to file additional briefs. Edge has filed a supplemental brief, claiming that the district court erred in denying his motion to suppress and denying his motion to sever his case from Gore's. In accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal.

Edge's claim, by counsel, is that his sentence--life imprisonment without parole under 21 U.S.C. § 841(b)(1)(A) (1994)--was so disproportionate to his offense--a third drug felony involving 92.5 grams of cocaine base and 33.7 grams of cocaine powder--that it constitutes a violation of the Eighth Amendment's Cruel and Unusual Punishment Clause. We have reviewed this claim under the guidelines set forth in Solem v. Helm, 463 U.S. 277 (1983), and find that the sentence is not so disproportionate to the offense that it constitutes an Eighth Amendment violation.

Edge also raises two issues pro se. First, he asserts the officers stopped his automobile to investigate drug activity, without a reasonable basis to believe that the occupants were involved in illegal activity. The temporary detention of a motorist upon probable cause to believe that he has violated traffic laws does not violate the Fourth Amendment prohibition against unreasonable seizures, regardless of the officers' subjective motive behind the stop. See Whren v. United States, 517 U.S. 806, 813 (1996). The officers asserted that they

2

stopped the vehicle Edge was driving, in which Gore was a passenger, because its registration was suspended. Edge asserts that the officers did not find out this information until the stop had already been initiated. Under Whren, if the officers possessed the knowledge that the vehicle's registration was suspended before they stopped the car, the detention was proper.

While the officers' testimony was conflicting and created a timeline that did not comport with the documentary evidence, the district court based its finding on police computer logs. These documents show that the officers received the information regarding the registration at 3:31 on the mobile computer in their patrol car. The radio dispatch records show that Edge's vehicle was pulled over at 3:32, one minute after the registration information was received. In light of the documentary evidence regarding the computer searches, we hold that the district court's finding as to the officers' knowledge was not clearly erroneous. See United States v. Rusher , 966 F.2d 868, 873 (4th Cir. 1992) (standard of review).

Finally, Edge asserts that his motion to sever was improperly denied. While Rule 14 of the Federal Rules of Criminal Procedure allows for severance if a defendant will suffer undue prejudice from joinder, the decision to sever is within the discretion of the trial judge and will not be reversed absent an abuse of discretion. See United States v. Brooks, 957 F.2d 1138, 1145 (4th Cir. 1992). Refusal to sever constitutes an abuse of discretion only when the denial of severance deprives the defendant of a fair trial and results in a miscarriage of justice. See United States v. Chorman, 910 F.2d 102, 114 (4th Cir. 1990). The burden is upon Edge to make a particularized showing of prejudice from the denial of severance. See United States v. Clark, 928 F.2d 639, 645 (4th Cir. 1991). In an attempt to demonstrate this prejudice, Edge claims that, if his motion to sever had been granted, he could have called Gore as a witness. Further, argues Edge, if Gore's testimony was similar to his testimony at his Fed. R. Crim. P. 11 hearing,* Gore's testimony would exculpate Edge.

_____

*After a partial Rule 11 hearing had been held, Gore decided to plead not guilty and proceed to trial.

3

While Gore's testimony, if believed, would be helpful to Edge, Edge cannot show that Gore would have testified in his behalf. Gore did not take the stand at his own trial, and therefore, if the Government chose to try Edge first, Gore would likely have refused to testify under the Fifth Amendment. Further, Gore's testimony, while helpful to Edge, would not necessarily exculpate him. Gore testified that he found cocaine in the car and hid it in his pants, as the officers were stopping Appellants' car. Gore implied that Edge had no knowledge of the cocaine, but a jury could easily infer that Edge constructively possessed the cocaine, which, according to Gore, was found under the passenger seat of the car Edge was driving. In addition, the district court found Gore's testimony palpably unbelievable, and a jury might very well have come to the same conclusion, in that Gore's statement contradicted the statements of several police officers that Edge possessed the cocaine and threw it to Gore. Having reviewed Gore's Rule 11 testimony, we find that the denial of the opportunity to call Gore did not result in a miscarriage of justice.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm Appellants' convictions and sentences. We deny Edge's motion to dismiss his counsel. This court requires that counsel inform their clients, in writing, of their right to petition the Supreme Court of the United States for further review. If either client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED