**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                          No. 97-4453

PRECIOUS OMUTUNDE BANKOLE,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.
                                                                                           No. 97-4544

OLUNIYI BANKOLE, a/k/a"T", a/k/a
Kevin Anthony Banks, a/k/a Niyi,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-96-479-A)

Submitted: July 21, 1998

Decided: October 14, 1998

Before MURNAGHAN and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles S. Cox, Alexandria, Virginia; Robert Stanley Powell, Arlington, Virginia, for Appellants. Helen F. Fahey, United States Attorney, Gordon D. Kromberg, Assistant United States Attorney, William G. Otis, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In a joint jury trial, Oluniyi Bankole was convicted on four counts of money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (B)(i), 1957 (1994), and his mother, Precious Bankole, was convicted of perjury, in violation of 18 U.S.C. § 1623 (1994), and obstruction of justice, in violation of 18 U.S.C. § 1503 (1994). Additionally, both were convicted of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (1994). They were sentenced to 108 months' and 63 months' imprisonment, respectively. On appeal, the Bankoles maintain that the trial court abused its discretion by (1) denying Oluniyi's motion to sever his trial from his mother's; (2) denying Precious's motion to sever the money laundering count from the perjury and obstruction of justice counts; and (3) refusing to declare a mistrial on the basis of the prosecutor's allegedly improper statements during closing argument. Finding no reversible error, we affirm the convictions and sentences.

The evidence at trial disclosed that Oluniyi engaged in drug trafficking and used the resulting proceeds in part to purchase expensive automobiles. Although he used the cars, he placed title of the vehicles in others' name, including that of his mother, Precious, in order to conceal his identity as the vehicle's true owner. Police seized three of

2

these vehicles as vehicles used by Oluniyi in furtherance of his distribution of crack cocaine. Two of these vehicles were tiled in Precious's name. Precious retrieved one of these vehicles, a 1990 Mercedes, by claiming it in a civil forfeiture action. During depositions of the civil forfeiture proceeding she testified that she purchased the Mercedes with her own money.

During pre-trial motions, Precious moved to sever the conspiracy to money launder charge from the perjury and obstruction of justice charges, alleging that joinder of the claims prevented her from testifying in her own defense. Oluniyi also moved to sever his trial from that of his mother's on the ground that joinder of the cases prevented him from introducing her testimony in his defense. The court denied both motions. A jury ultimately convicted the Bankoles on all counts charged in the indictment.

The Bankoles first allege on appeal that the court erred in not severing their trials. Oluniyi maintains that the court's refusal to sever his trial from his mother's prejudiced him and denied him his right to a fair trial because, as a result, he was deprived of his right to call his mother as a witness in his defense. Specifically, he asserts that she would have testified as to the source of funds used to purchase the vehicles in question, consistent with her deposition testimony during the civil forfeiture action that she paid for the vehicles with her own funds.

We review a district court's denial of a motion for severance under an abuse of discretion standard. See United States v. Ford, 88 F.3d 1350, 1361 (4th Cir.), cert. denied, #6D 6D6D# U.S. ___, 65 U.S.L.W. 3369 (U.S., Nov. 18, 1996) (No. 96-6379). The general rule is that co-conspirators who are indicted together should be tried together. United States v. Hall, 93 F.3d 126, 131 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S., Feb. 24, 1997) (No. 96-6791). The importance of this point is emphasized for defendants who participated in the same conspiracy. See United States v. Tipton, 90 F.3d 861, 883 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3798 (U.S., June 2, 1997) (No. 96-7692). The defendant who seeks severance must show that his joint trial would so prejudice him "that a miscarriage of justice would result," United States v. Williams, 10 F.3d 1070, 1080 (4th Cir. 1993), not merely that he would have a bet-

3

ter chance of acquittal in a separate trial. See United States v. Brooks, 957 F.2d 1138, 1145 (4th Cir. 1992).

When, as here, a co-defendant seeks severance based on an alleged need for a co-defendant's testimony, he must show (1) a bona fide need for the co-defendant's testimony; (2) the likelihood that the co-defendant would testify at a second trial and waive his Fifth Amendment privilege; (3) the substance of his co-defendant's testimony; and (4) the exculpatory nature and effect of such testimony. See United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995). During the pre-trial hearing, the court asked Oluniyi's counsel whether Precious would testify at his client's trial if he went first. Counsel could not give a definitive answer. Given a second opportunity, counsel did not come forward and state that Precious would testify nor is there any other evidence of even a likelihood that she would do so. In light of counsel's failure to establish this essential prerequisite to his motion, we find no abuse of discretion in the court's denial of Oluniyi's motion to sever the trials.

Along similar lines, the Bankoles also assert that the court abused its discretion in denying Precious's motion to sever the conspiracy charge from the perjury and obstruction of justice charge. During pre-trial motions, Precious sought to have these two latter charges separated, alleging they were not related to the other counts in the indictment or connected to the charges against co-defendant Oluniyi, because they were based on her deposition testimony at the civil forfeiture action. Again, the decision to sever is within the discretion of the trial court and will not be reversed absent an abuse of discretion. See Brooks, 957 F.2d at 1145. The burden is upon Precious to make a particularized showing of prejudice from the denial of severance. See United States v. Clark, 928 F.2d 639, 645 (4th Cir. 1991).

Under Fed. R. Crim. P. 8(a), offenses are properly joined if "the offenses charged . . . are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." In this case, Precious's acts in making false claims to authorities to get the vehicles released, directly forming the basis for the obstruction of justice and perjury charges, are also the basis for the conspiracy count in which she is charged with acting to obtain the

4

release of the vehicles seized from Oluniyi for the facilitation of drug trafficking offenses. Her role in the conspiracy, serving as an innocent title owner of the vehicles, and reclaiming the vehicles asserting no knowledge of drug trafficking, entailed perjuring herself and misleading the police as to the vehicles' true owner and the true source of the funds used to purchase them.

We find that Precious's acts forming the basis for the perjury count and the obstruction of justice count constituted a part of the "common scheme or plan" in this conspiracy. Furthermore, the Government would have introduced proof of the perjury and obstruction of justice to establish the conspiracy charge in order to show the manner in which Precious acted in furtherance of the conspiracy. Under these circumstances, we find no abuse of discretion in the court's denial of Precious's motion to sever.

Lastly, the Bankoles claim that the court erred in denying Precious's motion for a mistrial based on improper closing arguments made by the prosecutor. The denial of a motion for a mistrial will be reversed on appeal only for a clear abuse of discretion. See United States v. West, 877 F.2d 281, 287-88 (4th Cir. 1989). Although a mistrial should be declared if the error is not likely to be cured by a remedial instruction, see United States v. Tedder , 801 F.2d 1437, 1444 (4th Cir. 1986), the moving party must show prejudice for the court's ruling to constitute an abuse of discretion. See West, 877 F.2d at 288.

A two-prong test determines whether a prosecutor's remarks rise to the level of prosecutorial misconduct: (1) the prosecutor's remarks or conduct must have been improper, and (2) such remarks must have prejudicially affected the defendant's rights so as to deprive the defendant of a fair trial. See United States v. Chorman, 910 F.2d 102, 113 (4th Cir. 1990). Even if we assume that the Bankoles are able to satisfy the first prong--that the prosecutor's remarks were improper --the comments were not sufficiently prejudicial so as to deny the Bankoles a fair trial.

Factors relevant to the issue of prejudice are: (1) the degree to which the remarks had a tendency to mislead the jury and prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) the strength of competent evidence to establish guilt absent the

5

remarks; (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters; (5) whether the prosecutor's remarks were invited by improper conduct of defense counsel; and (6) whether curative instructions were given to the jury. See United States v. Young, 470 U.S. 1, 12 (1985); Chorman, 910 F.2d at 113. This issue of whether improper argument by government counsel has so prejudiced the trial process as to require reversal must be gauged from the facts of each trial. See Young, 470 U.S. at 12.

During closing argument, defense counsel made the following remarks:

> Mr. Kromberg is the United States attorney. He came into this court. He sponsored their testimony. He is putting it up here and saying to you, ladies and gentlemen, believe it. Believe it, despite the fact that they have gotten deals because deals are legal. Believe it, besides the fact that if they didn't cooperate with the United States of America, they'd hang them out to dry. Believe it, besides the fact that they get up here even after they have made their deal, try to minimize their involvement, try to back down on what they did, basically tell you things about themselves that aren't true, but believe what they say anyway because we have made a deal.

> . . . . Mr. Kromberg is going to get up here in rebuttal, I know he will, and he's going to tell you, look at some of the deals that have been admitted into evidence, and they are going to say: Well, you know what, these people all know that they have to obey Mr. Kromberg's number one rule, tell the truth, or otherwise this deal is going to get ripped up, thrown away, and we're going to prosecute them.

> But look at that deal. It's not the Judge who is going to decide whether or not they are telling the truth on the stand. It's not you who is going to make the determination in that deal whether or not they are telling the truth and whether or not their deal could get set aside. The people that are making that determination, and whether Mr. Kromberg wants to admit it or not, is the United States Attorney's Office. And

6

whether or not it's in the District of Columbia or here in the Eastern District of Virginia, it's them.

J.A. at 585-87. With respect to one of the Government's witnesses, a law enforcement officer, defense counsel in his closing stated:

> This is a law enforcement officer. And I'm not suggesting that she's lying. What I'm saying is, this is a law enforcement officer who has been intricately involved in some stage of the prosecution of this case. She knows what the case is all about, the facts of the case. She knows it because she has investigated it. She's not only investigated it, but she has come to the assistance of the people that are cooperating with the government.
>
> Now, let Mr. Kromberg get up and rebut that.

J.A. at 589-90.

During closing rebuttal, Kromberg, the Assistant U.S. Attorney, made the following statement:

> You heard the exhaustive nature of her investigations of auto dealerships one, two and three. Select, Eagle, and Eastern, looking at hundreds of transactions, interviewing hundreds of people, debriefing the owners, the salesmen, the repossession people, the finance people. And, of course, the government didn't even ask her opinion of this case, Mr. Abbenante he did. But you know what her opinion of this case is.
>
> If you believe that after all that work she wants to convict someone, regardless of whether they are innocent or guilty, then you should acquit these people. Mr. Abbenante says that I sponsored the testimony. I, Assistant United States Attorney Gordon Kromberg, sponsored the testimony. I said, believe it. Well, you're damn right. The difference between a government attorney and a defense attorney is, the government wins when innocent people are acquitted. If

7

> these people are innocent, acquit them. I'd like them to
> come up and say, if their clients are guilty, find them guilty.

J.A. at 258. The Bankoles claim that this argument was improper because it amounted to improper vouching for the credibility of a government's witness, an agent, and it suggested that defense counsel had the burden to tell the jury that if their clients were guilty, the jury should find them guilty.

Viewing the totality of the circumstances, we do not find that the prosecutor's comments prejudiced the Bankoles substantial rights. In light of defense counsel's own closing remarks regarding the law enforcement officer's partiality towards the government's case and the prosecutor's personal "sponsoring" of the government witnesses, we find that the prosecutor's statements were invited. See Young, 470 U.S. at 12-13. The prosecutor's argument did no more than "right the scale." See id. Moreover, given the court's subsequent curative instruction and the substantial evidence against the Bankoles, we do not find that the prosecutor's comments substantially prejudiced the Bankoles. We therefore find that the court did not abuse its discretion in refusing to grant a mistrial on the basis of the argument.

Accordingly, we affirm Appellants' convictions and sentences. We grant their motion to file pro se supplemental briefs. We have considered the issues raised in those briefs and find them to be without merit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED

8