**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4962**

_____

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

ANTONIO MASON,

                              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge. (CR-
02-537)

_____

Submitted:  May 27, 2005            Decided:  July 13, 2005

_____

Before LUTTIG, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

James Wyda, Federal Public Defender, Michael T. Citaramanis,
Assistant Federal Public Defender, Sherri Lee Keene, Staff
Attorney, Greenbelt, Maryland, for Appellant.  Thomas M. DiBiagio,
United States Attorney, Stephanie A. Gallagher, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Antonio Mason appeals from his conviction for carjacking, brandishing a weapon during a crime of violence, and being a felon in possession of a firearm and his resulting 176-month sentence. Mason was convicted after a jury trial and he raises the following claims: (1) sufficiency of the evidence that he had the requisite mens rea for the carjacking offense, (2) insufficient evidence to prove that his possession of a firearm was in or affecting interstate commerce, (3) whether he was deprived a fair trial when the district court denied his motion to sever the felon in possession count, and (4) his sentence was unconstitutional in light of United States v. Booker, 125 S. Ct. 738 (2005).

## I.

Mason first argues that there was insufficient evidence to find beyond a reasonable doubt that his taking of the victim's car was done with the intent to cause death or serious bodily harm as required by 18 U.S.C. § 2119 (2000). The verdict of the jury must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996). In evaluating the sufficiency of the

- 2 -

evidence, this court does not review the credibility of witnesses and assumes the jury resolved all contradictions in the testimony for the government. United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002).

Section 2119 provides that, "[w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—(1) be fined under this title or imprisoned not more than 15 years, or both." 18 U.S.C. § 2119. The intent requirement of § 2119 is satisfied when the government proves that, at the moment the defendant demanded or took control of the vehicle, the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car. Holloway v. United States, 526 U.S. 1, 12 (1999). The government need not prove that the defendant actually intended to cause the harm, it is sufficient that the defendant was conditionally prepared to act if the person failed to relinquish the vehicle. United States v. Wilson, 198 F.3d 467, 470 (4th Cir. 1999).

We conclude that, when the evidence is construed in the light most favorable to the Government, it is sufficient to permit a reasonable fact finder to conclude beyond a reasonable doubt that Mason would have caused death or serious bodily harm if necessary

to take the victim's vehicle.  Accordingly, we affirm his convictions on counts one and two.

## II.

Next, Mason argues that the court erred in denying his motion for acquittal on the felon in possession of a firearm count because Mason's mere possession of the firearm was not "in commerce" or "affecting commerce."  18 U.S.C. § 922(g) (2000). Mason objects that the only evidence on the commerce element was testimony by an expert witness that the firearm had traveled in commerce in the past.  He also objects that the court's instruction on the issue was insufficient because it stated that "[i]t is sufficient for the government to satisfy this element by proving that, at any time prior to the date charged in the indictment the firearm crossed the state line."

The Government may establish the interstate commerce nexus by showing that the firearm was manufactured in another state.  See United States v. Gallimore, 247 F.3d 134, 138 (2001); United States v. Nathan, 202 F.3d 230, 234 (4th Cir. 2000).  Here, Special Agent Boroshok testified that the markings on the firearm recovered from Mason when arrested in Maryland indicated that the gun was manufactured in Chino, California.  Accordingly, we conclude that, when construed in the light most favorable to the government, the evidence presented at trial was sufficient to

establish that the firearm traveled in interstate commerce. Glasser, 315 U.S. at 80.

### III.

Next, Mason argues that it was error for the district court to deny his motion to sever count three, the felon in possession of a firearm count, from counts one and two, carjacking and brandishing a firearm during a crime of violence, respectively. He claims that prejudice resulted as he was convicted on counts one and two with allegedly little evidence, and the court's limiting instructions were not effective.

This court reviews the denial of a motion to sever for an abuse of discretion. United States v. Rhodes, 32 F.3d 867, 872 (4th Cir. 1994). To obtain a severance under Fed. R. Crim. P. 14, a defendant must show that the joinder "was so manifestly prejudicial that it outweighed the dominate concern with judicial economy and compelled exercise of the court's discretion to sever." United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995) (citing United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980)). The burden is upon the defendant to make a particularized showing of prejudice from the denial of a severance motion. United States v. Clark, 928 F.2d 639, 645 (4th Cir. 1991).

This court has held that generally all counts charged in a single indictment are tried together. United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992). Severance of a 18 U.S.C.

§ 922(g) count from other substantive counts is not required because "[a]ny prejudicial effect of the necessary introduction of the defendant's past conviction can, we feel, be avoided through the use of a limiting instruction." United States v. Silva, 745 F.2d 840, 844 (4th Cir. 1984).

We conclude that the district court's denial of Mason's motion to sever count three was not an abuse of discretion. A thorough limiting instruction was given and repeated at the close of the trial, the specific nature of the conviction was not disclosed in the stipulation, and Mason fails to make a particularized showing of prejudice resulting from the joinder. See Rhodes, 32 F.3d at 871-72; Clark, 928 F.2d at 645; Silva, 745 F.2d at 844.

IV.

Citing United States v. Booker, 125 S. Ct. 738 (2005), Mason contends that his Sixth Amendment right to a jury trial was violated because he was sentenced on facts found by the court and not by the jury. The government agrees that the case should be remanded for resentencing in light of Booker. Because Mason did not object to his sentence in the district court based on Blakely v. Washington, 124 S. Ct. 2531 (2004), or Booker, this court's review is for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). Because Mason received a higher sentence than would have been permissible based only on the jury's

findings, we vacate and remand Mason's sentence for resentencing under an advisory guidelines system.[1]  See Hughes, 401 F.3d at 547-49, 555-56 (finding that Hughes had satisfied all three prongs of the plain error test set forth in United States v. Olano, 507 U.S. 725, 732 (1993), when he was sentenced to a sentence substantially longer than the sentence permitted based purely on the facts found by a jury, and that the court should exercise its discretion to recognize the error).

Although the guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767.  Sentencing courts should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination.  See Hughes, 401 F.3d at 546. The court should consider the Guideline range, along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence.  Id.  If that sentence falls outside the Guideline range, the court should explain its reasons for departure as required by 18 U.S.C.A. § 3553(c)(2) (West Supp. 2004).  Id.  The sentence must

---

[1]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Mason's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

be "within the statutorily prescribed range and  . . . reasonable." Id. at 546-47.

Based on the foregoing, we affirm Mason's convictions and vacate his sentence and remand for resentencing.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

---

[2]Because we vacate Mason's sentence, it is unnecessary for us to reach Mason's challenge to his Guideline calculation.