**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 06-4570**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO MASON,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Catherine C. Blake, District Judge. (1:02-cr-00537-CCB)

───────────────

Submitted:  March 7, 2007                    Decided:  July 2, 2007

───────────────

Before MICHAEL, TRAXLER, and DUNCAN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

James Wyda, Federal Public Defender, Michael T. Citaramanis, Assistant Federal Public Defender, Sherri L. Keene, Staff Attorney, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Stephanie A. Gallagher, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Mason appeals from the 176-month sentence imposed after resentencing in light of United States v. Booker, 543 U.S. 220 (2005), for carjacking, in violation of 18 U.S.C. § 2119(1) (2000), brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C.A. § 924(c)(1)(A)(ii) (West 2000 & Supp. 2006), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). At Mason's original sentencing, the district court applied a two-level increase for a "vulnerable victim" under U.S. Sentencing Guidelines Manual § 3A1.1 (2002). Mason challenged the vulnerable victim enhancement on his first appeal, but we declined to address the issue because we remanded for resentencing in light of Booker. United States v. Mason, 2005 WL 1637880, *3 (4th Cir. July 13, 2005) (No. 03-4962). Mason was resentenced on May 23, 2006. At resentencing, the district court again considered whether the vulnerable victim enhancement was appropriate and applied the enhancement. Mason was again sentenced to ninety-two months on counts one and three and eighty-four months on count two, to be run consecutively, for a total of 176 months of imprisonment.

Mason argues that the district court erred in applying the vulnerable victim enhancement because his victim, James Pugh, was not particularly susceptible to being carjacked due to his age and there was insufficient evidence to find by a preponderance of

- 2 -

the evidence that Pugh's age and condition facilitated the carjacking.*

Under the current Guidelines, the two-level adjustment is appropriate if the victim is (1) vulnerable, and (2) the defendant "knew or should have known" of the victim's vulnerability. USSG § 3A1.1. The enhancement is appropriate if a victim of the offense was "unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." USSG § 3A1.1, cmt. n.2.

With respect to a district court's application of the Sentencing Guidelines, this court reviews factual determinations for clear error, and legal questions de novo. United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996). Mason contends that the district court did not make a fact intensive inquiry as to whether Pugh was particularly susceptible to armed carjacking, more than any other victim. In applying the enhancement, the district court noted that Pugh was both elderly and infirm. The court determined that Mason had sufficient time to observe that Pugh was elderly and that his car had disabled license plates while Mason pretended to ask Pugh for directions. The court specifically held that:

> this particular victim was a vulnerable one, given the
> handicapped plate again and given his age and in fact the

---

*In 1995, the Sentencing Commission amended § 3A1.1(b), making it "unnecessary for a sentencing court to find that a defendant had specifically targeted his victim." United States v. Bolden, 325 F.3d 471, 501 n.35 (4th Cir. 2003).

> physical condition made him more susceptible to an armed carjacking. Certainly an armed carjacking could be difficult for anyone to resist. But I think it is more difficult when your physical condition and age makes it a little harder to resist what is happening to you and perhaps a bit more likely to be harmed.

(J.A. 224-25). We therefore conclude that the district court's factual findings and reasoning were sufficient to support the application of the enhancement and affirm Mason's sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED