**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4927**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HASSAN SERAG,

Defendant - Appellant.

**No. 05-4945**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOYCE SNOWDEN,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (CR-05-74)

Submitted: March 29, 2006          Decided: May 30, 2006

Before WILKINS, Chief Judge, and WIDENER and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Sol Z. Rosen, Washington, D.C.; Robert F. Horan III, HORAN & FISHER, Fairfax, Virginia, for Appellants. Paul J. McNulty, United States Attorney, Jeanine Linehan, Assistant United States Attorney, Kevin R. Gingras, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated appeals, co-defendants Hassan Serag and Joyce Snowden appeal their convictions on one count of conspiracy to commit immigration fraud, in violation of 18 U.S.C. §§ 371, 1001(a), and 1546(a) (2000) ("Count One"). Defendant Snowden also appeals her conviction on one count of making a materially false statement, in violation of 18 U.S.C. § 1001(a) ("Count Four").

The charges against Serag and Snowden stem from an ongoing conspiracy to arrange fraudulent marriages between Middle Eastern men and African-American women. While this conspiracy apparently involved many different "brides" and "grooms," the particular accusation that was the subject of the trial was that Serag and Snowden assisted in arranging a sham marriage between co-conspirators Mahmoud Ahmed and Rosetta Harrod. Serag introduced Ahmed to Aabid Rashad Shoeib, a fellow co-conspirator, who, with the assistance of co-conspirator Teresa Dunn, arranged the Harrod-Ahmed marriage for $1500. Serag then asked Snowden to rent the basement of her home to Ahmed and Harrod so that they could appear to have established a matrimonial domicile. Snowden, Harrod, and Ahmed signed a lease, which Ahmed submitted to the Customs and Immigration Service ("CIS") in support of his petition for change in residency status. Ahmed also submitted signed affidavits from

Serag and Snowden, in which they affirmed that Ahmed and Harrod had been married since May 16, 2003.

While there is no dispute that Harrod and Ahmed did in fact legally marry, there is similarly no dispute that their marriage was a sham. Ahmed and Harrod never lived together as husband and wife; they never occupied Snowden's basement, or even so much as spent one night there. At the CIS immigration interview, Harrod fully admitted to the fraudulent nature of the marriage. CIS began an investigation that led to the arrests of Ahmed, Harrod, Shoeib, Dunn, Serag, and Snowden. Serag and Snowden were the only two to plead not guilty; the other four co-conspirators pled guilty and testified for the Government at trial.

After considering the various issues raised by Defendants, we affirm Defendants' convictions. Serag and Snowden raise two common issues, as well as several individual claims. The first common issue is Defendants' claim of prosecutorial misconduct. The purported misconduct was the prosecutor's reference to Defendants' signed affidavits as evidence of their involvement in the conspiracy to commit immigration fraud. These affidavits provided the basis for two other false statement charges, both of which were dismissed upon Defendants' motion for judgment of acquittal.

To establish a prosecutorial misconduct claim, the defendant must show: (1) the prosecutor's conduct was improper,

and (2) the conduct "prejudiced the defendant's substantial rights so to deny the defendant a fair trial." United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005). The prosecutor's conduct here was not improper. Though the district court dismissed the false statement charges that were predicated on these affidavits, the affidavits remained in evidence as to the Government's conspiracy case; thus, it was not improper for the prosecutor to refer to them as overt acts in furtherance of the conspiracy.

Defendants' next assignment of error also stems from the district court's dismissal of the two false statement charges. Defendants challenge the propriety of the district court's jury instruction on conspiracy because it referred to "false statements" and "false documents," despite the court's dismissal of the false statement charges. Although Defendants initially objected to the instruction, upon the district court's amendment thereto, both Defendants agreed to the amended instruction; accordingly, we review for plain error. See United States v. Stitt, 250 F.3d 878, 883 (4th Cir. 2001).

The district court's jury instruction on conspiracy was not plainly erroneous. The judgment of acquittal as to the two false statement charges did not preclude the Government from using the affidavits as evidence of Defendants' involvement in the conspiracy to commit immigration fraud, or remove the affidavits from the body of evidence pertaining to the conspiracy offense. As

Defendants do not claim the district court misstated the applicable law or improperly referenced the dismissed charges, the district court committed no error in its jury instruction.

The next two claims are raised only by Defendant Serag. Serag first contends insufficient evidence existed to support his conspiracy conviction. This court reviews sufficiency of the evidence challenges by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). We review both direct and circumstantial evidence, and permit the "[G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." Tresvant, 677 F.2d at 1021.

In evaluating the sufficiency of the evidence, this court does not "weigh the evidence or review the credibility of the witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Where the evidence supports differing reasonable interpretations, the jury decides which interpretation to credit. Id. (quotations omitted). This court will uphold the jury's verdict if there is substantial evidence to support it, and will reverse only in those rare cases "'where the prosecution's failure is clear.'" United States v. Beidler, 110 F.3d 1064, 1067 (4th

Cir. 1997) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)).

When an appellant challenges the sufficiency of the evidence

underlying his or her conviction, the uncorroborated testimony of

a single witness may be sufficient evidence of guilt, even if the

witness is an accomplice, a co-defendant, or an informant. See

United States v. Wilson, 115 F.3d 1185, 1189-90 (4th Cir. 1997).

There was sufficient evidence on which the jury could

have convicted Serag. The Government presented the testimony of

four of the six co-conspirators involved in the marriage-fraud

conspiracy, each of whom testified as to Serag's knowledge of the

conspiracy and his involvement therein.

Serag's last claim alleges the district court erred in

admitting evidence of his prior involvement in procuring fraudulent

marriages, in violation of Federal Rule of Evidence 404(b).

Federal Rule of Evidence 404(b) prohibits the admission of evidence

of "other crimes" solely to prove a defendant's bad character, but

allows for the admission of such evidence "for other purposes, such

as proof of motive, opportunity, intent, preparation, plan,

knowledge, identity, or absence of mistake or accident." Fed. R.

Evid. 404(b). For such evidence to be admissible under Rule

404(b), it must be necessary, reliable, and relevant to an issue

other than character.

When reviewing a district court's judgment as to

admissibility of evidence under Fed. R. Evid. 404(b), this court

must examine the evidence "in the 'light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect.'" United States v. Love, 134 F.3d 595, 603 (4th Cir. 1998) (quoting United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990)). The admission is reviewed for an abuse of discretion and the decision of the district court to admit Rule 404(b) evidence will not be disturbed unless it is arbitrary or irrational. See United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991); United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988).

The district court permitted two co-conspirators to testify about Serag's prior involvement in procuring American brides for Egyptian men seeking to obtain legal permanent residence status. This testimony was offered to show Serag's knowledge and understanding of both the marriage-fraud scheme in particular and the immigration process in general. Thus, the district court's decision to admit this testimony was not arbitrary or irrational.

Defendant Snowden also raises two individual issues. Snowden first contends the district court erred in denying her Rule 29 motion for judgment of acquittal and her Rule 34 motion to arrest judgment on Count Four, the false statement charge. Snowden bases both assignments of error on her contention that the false statement charge was legally insufficient because it was predicated on a lease, and a lease is not a "statement" under 18 U.S.C. § 1001(a).

This court reviews the denial of a Rule 29 motion de novo. United States v. Ryan-Webster, 353 F.3d 353, 359 (4th Cir. 2003). Contrary to Snowden's assertion, a contract such as a lease can be considered a "statement"; further, the factual misrepresentations contained therein, notably, that a deposit was given when, in fact, it was not, and the back-dated execution date, qualify it as "false." See, e.g., United States v. Blankenship, 382 F.3d 1110, 1132-33 (11th Cir. 2004). As the Government submitted ample proof as to the other elements of the charged offense, the district court properly denied the Rule 29 motion.

As to Snowden's Rule 34 motion challenging the sufficiency of the indictment, because Snowden first raised this claim after the jury had returned its verdict, we review for plain error. See United States v. Quinn, 359 F.3d 666, 672-74 (4th Cir. 2004) (ruling that the district court did not commit plain error in entering convictions against defendants who first challenged the sufficiency of the underlying indictment post-verdict, because, in reviewing such a challenge, "'every intendment is then indulged in support of sufficiency'") (quoting United States v. Vogt, 910 F.2d 1184, 1201 (4th Cir. 1990)); see also United States v. Rodriguez, 360 F.3d 949, 958 (9th Cir. 2004) (reviewing claim of insufficiency of indictment raised for first time in Rule 34 motion to arrest judgment for plain error). Snowden's argument fails because the

indictment is plainly sufficient on its face as it stated the necessary facts relevant to the false statement charge.

Snowden's last argument is that she was unfairly prejudiced by the joinder of her trial with Serag's, and the district court's denial of her motion for a mistrial. Snowden claims the testimony elicited from Serag about his knowledge of other Middle Eastern men marrying American women to obtain legal permanent residence status and about Snowden's personal history — including her two prior Egyptian husbands and her previous romantic involvement with Serag — prejudiced her in the eyes of the jury.

This court reviews both the denial of a motion to sever and the denial of a motion for a mistrial for abuse of discretion. United States v. Akinkoye, 185 F.3d 192, 197 (4th Cir. 1999); United States v. Dorlouis, 107 F.3d 248, 257 (4th Cir. 1997). To obtain severance under Fed. R. Crim. P. 14, a defendant must show that the joinder "was so manifestly prejudicial that it outweighed the dominate concern with judicial economy and compelled exercise of the court's discretion to sever." United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995) (citing United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980)). The burden is upon the defendant to make a particularized showing of prejudice from the denial of a severance motion. United States v. Clark, 928 F.2d 639, 645 (4th Cir. 1991).

In reviewing the denial of a motion for a mistrial, in order to show an abuse of discretion, a defendant must show prejudice. United States v. West, 877 F.2d 281, 288 (4th Cir. 1989). Reversal is required only if there is a clear abuse of discretion and a "'reasonable possibility that the jury's verdict was influenced by the material that improperly came before it.'" United States v. Seeright, 978 F.2d 842, 849 (4th Cir. 1992) (quoting United States v. Barnes, 747 F.2d 246, 250 (4th Cir. 1984)).

Snowden fails to demonstrate she suffered substantial prejudice so to support this court upsetting either the district court's denial of her motion to sever or her motion for a mistrial. Even excluding the entirety of Serag's testimony, compelling evidence against Snowden remained. Snowden thus fails to meet the requisite high level of prejudice because we discern no reasonable possibility that she would have been acquitted had her severance motion been granted. We accordingly conclude the district court did not abuse its discretion in denying Snowden's motions to sever or for a mistrial.

Having considered all the claims raised on appeal, we affirm Defendants' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in

the materials before the court and argument would not aid the decisional process.

AFFIRMED